COVENANT.

## Chandler *vs* Thornton, &c.

*Case* 64.

ERROR TO THE MARION CIRCUIT.

*Construction of Bonds. Interest.*

*April* 3.

JUDGE MARSHALL delivered the opinion of the Court.

Case stated.

THIS is an action of covenant upon a supersedeas bond conditioned to be void, if the obligors shall pay the judgment, "and all such damages and costs in case said appeal or writ of error shall be dismissed, or the judgment of the court below affirmed;" and the principal question now to be considered is, whether the damages and costs awarded upon the affirmance in this Court of the judgment mentioned in the bond, can be recovered in the action?

The requisites of the statute in regard to the proper conditions prescribed in a supersedeas bond may aid in giving construction to the terms used where they are dubious and admit of construction.
The statute requires that the bond shall secure, in case of affirmance or dismissal, not only the judgment sought to be reversed, but also such damages and costs as may be awarded, and it prescribes a form in which the payment of each is expressly stipulated. By the general law too, damages upon the amount of the judgment, at the rate of ten per centum, and the legal costs of the defendant in error are the regular legal incidents of an affirmance or dismissal. As the bond is one of a public or official character, taken by a public officer and regulated by statute, it may be presumed that all parties intend and expect that it shall conform substantially to the requisitions of the law; and there can be little danger in assuming these requisitions as important, though not the sole considerations for determining its construction

and effect.  They cannot, it is true, add a stipulation which is entirely omitted from the bond, but they may avail to give certainty, and particularly to what might otherwise be vague or ambiguous.  They cannot put a new stipulation into the bond but they may serve to give construction to a stipulation already there, and which, from the generality or other imperfection of the language used, requires or admits of construction.

If instead of stipulating for the payment of the judgment and *such* damages and costs, in case of affirmance, the bond had stipulated for payment of the judgment and damages and costs, or even "the judgment and all damages and costs" in that event, then altho' the expressions, as to damages and costs, would be of the most comprehensive character and capable of embracing in their literal import whatever damages might possibly accrue from the prosecution of the appeal or writ of error, still there could be no doubt that a reference to the subject matter of the bond, to the purpose for which it was taken as defined by the law, to the intention of the statute in requiring it, and to the fact that the law has fixed the damages and costs to be awarded in case of affirmance or dismissal would be decisive in limiting the effect of these general expressions to the damages and costs actually adjudged or awarded upon the affirmance or dismissal. What effect then is to be given to the word *such?*

There is an express stipulation for paying some damages and costs.  The parties contemplated and intended to provide for the payment of some damages and costs in case of affirmance or dismissal.  The word "such" is introduced for the purpose of restraining the generality of the words "damages and costs," and defining them by reference to some other words intended to be descriptive of the particular damages and costs which were to be paid: but those other descriptive words, to which the word "such" was intended to refer, and which would have expressly defined the particular damages and costs intended to be secured are wanting.  And the question is, whether the word "such," standing without any correlative descriptive words, makes it so uncertain what damages and costs were intended to be secured as to ren-

A covenant in a supersedeas bond to pay the judgment "and all such damages and costs in case said appeal or writ of error shall be dismissed or the judgment of the C't below affirmed," construed to embrace the damages and costs given on affirmance.

CHANDLER
*vs*
THORNTON, &c.

der the whole stipulation on that subject void. Looking to the nature and object and context of the bond and to the law of the subject as already adverted to, we say there is no uncertainty but that the insertion of the word 'such' shows that the words ''as may be awarded or adjudged,'' or words to that effect, were intended to be inserted.. And even if there were no such intention in fact, as it cannot be presumed that it was intended to introduce any words which would have been inconsistent with the law and the object of the bond, the only effect to be given to the word ''such'' would be that it shows that some restriction of the words ''damages and costs'' was intended, but does not express the exact degree of restriction. But the law itself would restrict them if they stood alone, and the legal inference and intendment would be that the parties intended just such restriction as the law itself intends and prescribes. This construction is moreover supported by the rule that effect shall be given to all the words of the instrument if it may be done. It would be better to reject the word ''such,'' and thus give effect to the words ''damages and costs,'' and to the stipulation for their payment, than to give such effect to the word ''such'' as to destroy the other words and the entire stipulation, and especially when there can be no reasonable doubt as to the intent. We are of opinion, therefore, that the bond should be construed as securing the payment of such damages and costs as may be awarded in case of the affirmance of the judgment or dismissal of the writ of error.

The only remaining question is, whether it was correct in giving judgment for the amount of damages and costs to allow interest thereon from the date of the (present) judgment. The statute of 1837, (3 *Stat. Law*, 280–281,) according to our understanding of it, answers this question in the affirmative.

Wherefore the judgment is affirmed.

Shuck for plaintiff: *Rountree* for defendants.

Judg't is properly rendered for interest on the amount of damages assessed on a suit on supersedeas bonds since the statute of 1837, (3 *Stat. Law*, 208-9.)