## Brigham *vs* Vanbuskirk.

ERROR TO THE JEFFERSON CIRCUIT.

*Decrees.    Interest.*

COVENANT.

*Case 37.*

*Oct. 15.*

JUDGE MARSHALL delivered the opinion of the Court in June, but the opinion was suspended till the 15th October, when the suspension was removed.

It seems to this Court, that in virtue of the second section of the statute of 1837, (3 *Stat. Laws*, 280–81,) so much of the sum decreed by the Chancellor as did not, by the terms of the decree, bear interest from the time when the notes securing it fell due, bore interest from the date of the decree itself.   And this conclusion is not affected by the fact that the decree was rendered on a bill attaching the effects of the debtors under the statutes of 1837 and 1838, (3 *Stat. Laws*, 13 and 17,) and that it may not have been enforcible by writ of *fieri facias*. The statute declares and intends to establish the principle that debts established by judgment or decree, shall bear interest from that time, unless by the terms of the judgment or decree, they bear interest from a prior day.   The provision that the judgment or decree may be entered up for the accruing interest from its date, and that if not so entered, the Clerk shall endorse on the execution the same thing, was inserted, not for the purpose of limiting the application of the principle, but rather to secure its universal operation.   And if it were conceded that in providing means for this purpose, the Legislature did not directly contemplate all the cases that might possibly happen, and provided means that might be inapplicable to some, still it would not follow that the principle itself must be deemed inapplicable to those cases, unless there

Since the statutes of 1837-8, (3 St. Laws, 13, 17,) in a suit on a supersedeas bond, the plaintiff has a legal right to recover *interest* on the amount of the decree in chancery, as well as upon the damages awarded on the affirmance of such decree, from the date of the decree and the affirmance respectively.

were no other means of applying it but such as the statute provides; and even then it would be more consonant with the spirit and objects of the statute, to enlarge by construction, the means pointed out for giving effect to the principle, than to limit the operation of the principle itself, by a strict construction of the language used in describing the means. If, therefore, it were conceded that where the decree is silent as to interest, it does not bear interest unless the endorsement is, or can be made on "the execution," it would seem more proper to say that the word execution embraces every instrument by which the decree is to be enforced, whether it be a *fi. fa.* an order of sale, or an attachment, than to say that the decree shall not or cannot bear interest because no *fi. fa.* or other execution of that nature, can or does usually issue for its enforcement. It would be unreasonable to make the amount of the debt or the construction of the decree depend upon the mode of execution by which it is to be enforced. This may furnish a measure for determining the value and efficacy of the decree as a means of coercing payment of what is due, but seems to furnish no rule for determining what is due.

We are also of opinion that the decree for ten per centum damages, consequent on the affirmance of the original decree, is embraced in the second section of the statute, and by the terms of said section, bears interest from the date of the decree therefor.

It follows, that in this action upon the supersedeas bond of the defendants, against whom the original decree was rendered, the plaintiff is entitled to recover interest upon so much of the sum originally decreed, *as did not* bear interest by the terms of that decree, and also upon the amount of the decree for damages, from the respective dates of the two decrees; and it was not a matter of discretion either with the Court or jury, to allow or refuse it.

Wherefore, the judgment is affirmed.

*Fry & Page* for plaintiff: *Thruston* for defendant.