## E. SAYRE, ET AL., *v.* JAS. P. SQUIRES, ET AL.

**Supersedeas Bonds—Suits on—Measure of Recovery.**

A supersedeas bond was conditioned that the obligors would pay all costs and damages that might be adjudged against them in the action and pay all rents or damages which might accrue on property of which appellants were kept out of possession by reason of the appeal. Held, that a petition to recover on the bond was defective which failed to aver that the costs and damages awarded had not been paid.

**Measure of Recovery.**

In a suit on a supersedeas bond there can be no recovery on account of appellee being kept out of possession of land involved in the suit, when in the suit there was no judgment entitling appellee to possession, but only an order for the sale of the land.

### APPEAL FROM BOURBON CIRCUIT COURT.

November 27, 1875.

OPINION BY JUDGE COFER:

The appellants sued Joseph and Andrew Wilson, and caused attachments to be issued against the property of the latter, which was levied on two hundred acres of land belonging to him. They recov-

ered judgment in personam for the demands sued for, and orders sustaining the attachments and for a sale of the land. From the orders sustaining the attachments and ordering the land to be sold, Wilson prosecuted an appeal to this court; and in order to suspend the sale pending the appeal, they executed a supersedeas bond in the usual form. This court affirmed the orders appealed from, and the land was sold, but did not realize a sum sufficient to satisfy the judgments. Appellants then brought this suit on the supersedeas bond against the appellees who were sureties therein. They alleged that about two and a half years elapsed between the time when the land would have been sold if the judgment for a sale had not been superseded, and the affirmance of the judgment by this court; that during that time Wilson remained in possession of the land, and in consequence of bad husbandry and waste, its value was depreciated to the amount of twenty-five dollars per acre. They also alleged that the rent of the land during the time the supersedeas was in force was reasonably worth the sum of $2,500; and they prayed for judgment against the appellees for these sums, or so much thereof as would satisfy the residue of their judgments.

Did the petition contain a statement of facts constituting a cause of action? The answer to this question must depend upon a proper construction of the covenants in the bond, which were first, that the obligors would pay to these appellants all costs and damages that might be adjudged against Wilson on the appeal, and second, that they would pay all rents or damages, which, during the pendency of the appeal, might accrue on any of the property of which the present appellants were kept out of possession by reason of the appeal.

Under the first covenant, the sureties became liable for the costs adjudged in this court against Wilson, and for such damages as this court awarded on the affirmance. *Chandler v. Thornton, et al.,* 4 B. Mon. 360. It is not alleged that any part of the costs in this court remains unpaid, or that any damages were awarded; and there is, therefore, no cause of action on the first covenant.

The second covenant bound the sureties to pay all rents or damages which might accrue on any property of which the present appellants were kept out of possession by reason of the appeal. It is clear that they were not kept out of the possession of the land by reason of the appeal. They never had the possession or the right to possession. It has been adjudged that they had a right to have the land sold; and the supersedeas suspended the exercise of that right.

According to the allegations in the petition, they suffered loss in consequence of the execution of the bond; but that loss is not embraced by the covenant of these appellees, and their liability, being created alone by their bond, must be measured by its provisions. *Ferguson, et al., v. Tipton, et al.,* 1 B. Mon. 28.

It is doubtless true, upon the assumption that the allegations in the petition are true, that these appellants have suffered damages in consequence of the execution of the bond, but the appellees, not having undertaken to answer for that description of damages, are not liable. The fault, if there be one, is in the form of the bond, and as it is in conformity to the requirements of the statute, Sec. 887, Civil Code, it would seem there was no authority for requiring a bond, the provisions of which would have indemnified the appellants against the damages of which they complain.

The decision of the circuit court was in conformity to these views and must be *affirmed.*

*Brent & McMillan, for appellants.*
*Cunningham, Finney, for appellees.*