CHRISTINA J. BURGESS *vs.* HERBERT F. DOBLE & others.

Suffolk.　March 12, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Appeal Bond in United States Court — Damages.*

An appeal bond in an equity suit in a court of the United States to recover land, given in the form required by the U. S. Rev. Sts. § 1000, does not include damages for rents and profits, or for the use and detention of the land pending the appeal, unless they are recovered in the suit.

CONTRACT. The defendants demurred to the declaration; and the Superior Court sustained the demurrer, and ordered judgment for the defendants. The plaintiff appealed to this court. The allegations of the declaration and the grounds of demurrer, so far as material to the point decided, appear in the opinion.

*H. H. Mather,* (*H. H. Smith* with him,) for the plaintiff.

*A. A. Ranney,* for the defendants.

FIELD, J. This is an action on a bond given on an appeal from the Circuit Court to the Supreme Court of the United States. It is impossible to ascertain from the plaintiff's declaration the precise nature of the suit in equity which she brought in the Circuit Court of the United States. The declaration refers to the record of the case in the Circuit Court, but a copy is not annexed, and we do not know what that record is. The declaration alleges, however, that it was a suit in equity to recover land; that on April 21, 1882, she obtained a decree in her favor against Peter Graffam and Herbert F. Doble, one of the defendants in the present suit; that they were, on July 3, 1882, ordered to execute a deed of the land to her, in a form which had been approved by a master; that they appealed from the decree to the Supreme Court of the United States, and upon appeal executed, with sureties, the bond on which the present suit is brought, a copy of which is annexed to the declaration; that the appeal was entered and heard by the Supreme Court, and that court affirmed the decree of the Circuit Court,

with costs; that in pursuance of the mandate of the Supreme Court, the Circuit Court, on June 14, 1886, entered a decree in favor of the plaintiff, "and the proceedings terminated"; "that on September 21, 1886, the said costs were paid by the defendants, and on May 28, 1886, a deed was executed and delivered by said Graffam and Doble to the plaintiff, as ordered by said court"; and that "on March 3, 1886, the plaintiff took possession of her premises."

The damages claimed are the value of the "rents and profits and use and occupation from April 21, 1882, to March 3, 1886; . . . and also a further sum, for the use of a certain mineral spring situated upon said premises, of the use and benefit of which she was wrongfully deprived," and from which she could have derived great profit.

The defendants contend that the damages claimed were not covered by the condition of the bond, and could not be recovered in this action.

The bond is signed by Doble as principal, and by the other two defendants in the present suit as sureties, and recites that a decree has been rendered in the Circuit Court of the United States for the District of Massachusetts in favor of the plaintiff, against Graffam and Doble, from which they have appealed, and the condition of the bond is, "that if the said Peter Graffam and Herbert F. Doble shall prosecute their said appeal to effect, and answer all damage and costs, if they fail to make their plea good, then the obligation to be null and void;" etc. The breach alleged is that Doble and Graffam have not answered and paid all damages, as, by the condition of the bond, they ought to have done. This is the usual form of bond given in appeals from the Circuit Court to the Supreme Court of the United States when there is a stay of execution. U. S. Rev. Sts. § 1000.

It sufficiently appears from the declaration, that the final decree entered in pursuance of the mandate of the Supreme Court of the United States has been fully performed by the defendants in that suit, and that the proceedings have terminated, so that no judgment for damages for mesne profits can be rendered in that suit. The appeal has been prosecuted " to effect," and all damages and costs for which judgment has been rendered have

been paid.   We are of opinion, that, under the existing decisions of the Supreme Court of the United States, the condition of the bond does not include damages for rents and profits, or for the use and detention of the land pending the appeal, unless they are recovered in the suit.   See *Kountze* v. *Omaha Hotel Co.* 107 U. S. 378, 398; Rule 29, 108 U. S. 590.

It is said in argument, that the suit referred to in the declaration is reported in 117 U. S. 180, under the name of *Graffam* v. *Burgess*.   The decree recited in the opinion in that case is a decree for redemption.   Whether any proceedings were had in that suit, in order to state the account between the parties up to the time when the defendants were finally ordered to convey the land to the plaintiff, we do not know.   As this case comes before us upon demurrer to the declaration, we can consider only the declaration, and that sets out no breach of the bond, but in legal effect avers that the condition of the bond has been performed.          *Judgment for the defendants affirmed.*