## L. & N. R. R. Co. v. Melton.

(Decided November 23, 1910.)

### Appeal from Hopkins Circuit Court.

Appeals—Writ of Error to U. S. Supreme Court—Interest and Damages Recoverable—Jurisdiction of State Court.—Appellee, Melton, has entered a motion in this court for judgment upon a supersedeas bond executed May 15, 1908, on the writ of error to the Supreme Court of the United States for $543.01 in addition to the judgment rendered for $29,051.29, and asks that this interest and the damages adjudged by this court from the Hopkins Circuit Court, should be added to the principal of the judgment and constitute a new principal on which interest should be computed while the case was pending in the U. S. Supreme Court: Held— Rule 3 of the Supreme Court of the United States provides: "In

cases where a writ of error is prosecuted to this court and the judgment of the inferior court is affirmed the interest shall be calculated and levied from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the state where such judgment was rendered." By section 110 of the Ky. Constitution "the court of Appeals shall have appellate jurisdiction only." The mandate of the Supreme Court not directing a judgment for damages to be entered, if appellee is entitled to any relief it is by virtue of the appeal bond, and the relief should be sought in an action on the appeal bond in a court of competent jurisdiction. We have jurisdiction to determine as a court of original jurisdiction the liability upon the appeal bond. The motion is therefore overruled but without prejudice to an action on the appeal bond, and no opinion is intimated on the merits of the question.

BENJAMIN D. WARFIELD, WADDILL & DEMPSEY for appellant.

GORDON, GORDON & COX, CLAY & CLAY for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—On motion for judgment on supersedeas bond.

On November 7, 1906, Spencer Melton recovered in the Hopkins circuit court a judgment against the Louisville & Nashville Railroad Company for $22,000. The railroad company appealed to this court and took out a supersedeas. On November 19, 1907, the judgment was affirmed by this court. A petition for rehearing was filed and this was overruled on May 13, 1908. On May 21, 1908, a writ of error was sued out to the Supreme Court of the United States, and an appeal bond was then executed for the purpose of obtaining a supersedeas staying proceedings on the judgment. The bond was conditioned that the railroad company should prosecute its writ of error to the Supreme Court to effect, and answer all damages and cost if it should fail to make good its plea. On May 21, 1910, the judgment was affirmed by the United States Supreme Court; and on June 10, 1910, the railroad company paid Melton $29,051.29, this sum being made up of the following items:

Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$22,000 00
Interest at 6 per cent. on $22,000 from
    November 7, 1906, to June 10, 1910, 6 years,
    7 months and 3 days . . . . . . . . . . . . . . . . . . . .    4,740 99
Damages 10 per cent of $22,000 . . . . . . . . . . . .    2,200 00
Plaintiff's costs . . . . . . . . . . . . . . . . . . . . . . . . . .       110 30
    Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$29,051 29

Melton has now entered in this court a motion for judgment upon the supersedeas bond executed May 15, 1908, on the writ of error to the Supreme Court of the United States for the further sum of $543.01. In support of this motion it is insisted that interest on the judgment of the Hopkins circuit court should be computed from the day it was entered to May 15, 1908, when the appeal bond was executed to take the case to the United States Supreme court and that this interest and the damages adjudged by this court on the appeal from the Hopkins circuit court should be added to the principal of the judgment and constitute a new principal on which interest should be computed while the case was pending in the United States Supreme Court, and until the judgment was paid.

It will be observed that the railroad company has paid the judgment with six per cent. interest on it counted straight and also ten per cent. damages on the judgment. It will also be observed that the bond executed on the appeal to the United States Supreme Court only stipulates that the railroad company shall prosecute its writ of error to effect and answer all damages and costs if it should fail to make good its plea. The Supreme court did not award any damages. It simply affirmed the judgment of this court with cost. Rule 23 of that court provides:

"In cases where a writ of error is prosecuted to this court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the state where such judgment is rendered."

The mandate of the Supreme Court is in these words:

"It is now here ordered and adjudged by this court that the judgment of the said Court of Appeals in this cause be, and the same is hereby, affirmed with costs; and that the said appellee, Spencer Melton, recover against the said appellant for his costs herein expended and have execution therefor."

We are informed in the brief that the counsel have agreed with each other that the proper way to have the question at issue between them decided, is upon a motion such as they have filed in this court. But we do not agree with them. By section 110 of the Constitution "the Court of Appeals shall have appellate jurisdiction only." The mandate of the Supreme Court not directing a judg-

ment for damages to be entered, if appellee is entitled to any relief, it is by virtue of the appeal bond, and the relief should be sought in an action on the appeal bond in a court of competent jurisdiction. We have no jurisdiction to determine as a court of original jurisdiction, the liability upon the appeal bond, and that is the basis of tho motion.

The motion is, therefore, overruled, but without prejudice to an action on the appeal bond, and no opinion is intimated on the merits of the question.