## Louisville & Nashville R. R. Co. v. Melton.

(Decided January 16, 1912.)

### Appeal from Hopkins Circuit Court.

The Interest on a Judgment for $22,000 Recovered by the Plaintiff Against the L. & N. R. R. Co. with Damages Which was Appealed to and Affirmed in the U. S. Supreme Court must be Counted at Six Per Cent. from its Rendition Until Paid, but no Interest Must be Counted on the Ten Per Cent. Damages.—M recovered a judgment against the L. & N. R. R. Co. for $22,000 on September 7, 1906. The railroad company appealed to the Court of Appeals. The judgment was affirmed with ten per cent. damages on May 13, 1908. On May 21, 1908, the railroad company appealed to the United States Supreme Court, executing a bond that it would prosecute its writ of error to effect and pay all damages and cost if it should fail to make good its plea. The Supreme Court on May 21, 1910, affirmed the judgment of the Court of Appeals, but did not award damages. Held, that the interest on the judgment for $22,000 must be counted at 6 per cent. from its rendition to the time it was paid, and no interest is to be counted on the 10 per cent. damages.

B. D. WARFIELD, C. J. WADDELL for appellant.

MAURICE KIRBY GORDON, CLAY & CLAY and GORDON, GORDON & COX for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

The facts of this controversy are stated in the opinion delivered when the matter was before us on a motion entered after the return of the case from the United States Supreme Court. (See L. & N. R. R. Co. v. Melton, 140 Ky., 741.) We then held that as this court has no original jurisdiction, the matter could not be determined by it in the first instance, and that the plaintiff's remedy was by an action on the appeal bond in a court of original jurisdiction. The motion was accordingly dismissed without prejudice to an action on the appeal bond. The plaintiff thereupon instituted his action in the Hopkins Circuit Court on the appeal bond and on a trial of the matter in that court, his position as to the mode in which the interest was to be counted was adopted, resulting in a judgment against the railroad company for the sum of $463.47, with interest from June 10, 1910. The railway company appeals.

As the facts are fully stated in the former opinion they need not be repeated here. Under Rule 23 of the Supreme Court which is there quoted, the interest on the judgment must be calculated from the date of the original judgment until it is paid at the same rate that similar judgments bear interest in the courts of the State where the judgment was rendered. Section 2220, Kentucky Statutes, provides:

"A judgment shall bear legal interest from its date. A judgment may be for the principal and accrued interest; but if rendered for accruing interest, it shall bear interest only according to its terms."

Six per cent. is the legal interest under the statute. The judgment was rendered for $22,000, with interest at 6 per cent. from its date, and it bears interest only according to its terms; that is, the interest must be counted on the amount of the judgment at 6 per cent. from its date until it was paid.

On the original appeal to this court by the railroad company from the judgment for $22,000, it was affirmed in this court, with damages, but no judgment was rendered by this court fixing the amount of the damages. Under the mandate this judgment is always entered in the circuit court upon the filing of the mandate in that court. At the time the appeal to the Supreme Court of the United States was taken, no judgment had been rendered fixing the damages, and the mere award by this court of 10 per cent. did not bear interest. The rule is that penalties do not bear interest unless authorized by

statute (M'Haney v. Crabtree, 6 T. B. Mon., 109; Licking Valley Bldg. Asso. v. Com., 28 R., 543; Bank of Kentucky v. Commonwealth, 32 R:, 1087.) In Kountze v. Omaha Hotel Co., 107 U. S., 387, it was held by the Supreme Court, that the sureties in an appeal bond by reason of which the defendant had retained the possession of real estate, were not liable for the rents on the property pending the appeal. In that case in discussing the liabilities of the sureties on such a bond, the court said:

"In relation to money judgments, a long train of decisions in England shows that the damages for delay for which the bail in error were to respond, were the interest on the sum recovered below from the day of signing final judgment to the time of affirmance, and costs in the writ of error, and in some cases, double costs."

The court in the subsequent part of the opinion points out that where there is a real controversy, the damages for the delay in the payment of a money judgment, shall be only at the rate of 6 per cent. per annum, and that 10 per cent. damages in addition to interest may be allowed when the writ of error appears to be sued out merely for delay. In the case before us there was a real controversy, and no damages were awarded in the Supreme Court. The rule announced by the Supreme Court of the United States was followed by the Supreme Court of Massachusetts in a suit on a bond taken on an appeal to the United States Supreme Court, where it was insisted that the sureties in the bond were liable for the rents of the property, which had thus been detained from the plaintiff. (Burgess v. Doble, 149 Mass., 256.) In Pike v. Gregory, 118 Fed., 128, in the circuit court of appeals of the first circuit, the court had before it a suit upon an appeal bond, executed on an appeal to the United States Supreme Court, where a judgment distributing a fund in court had been superseded, and it was insisted that the sureties in the bond were liable for the interest on the fund during the time that the plaintiffs were deprived of its possession by reason of the appeal. The court, however, rejected this contention and refused to hold the sureties liable, the plaintiffs having received the fund and its accumulations while in the hands of the receiver. Precisely the same argument was made there as is made here; that is, that the plaintiffs had lost some of the interest during the time, and should be made whole by the sureties. After referring to the rules of

the Supreme Court, the court concluding its opinion, said:

"These rules of court are intended to provide for reasonable security to the parties, and do not always determine the ultimate question of right between them; and we assume that neither the provision in the rules as to 'interest' pending appeal, nor the provision as to 'just damages for delay,' was intended to establish the right of recovery of interest as damages in a case like this."

In Hamer v. Kirkwood, 25 Miss., 95, a money judgment was affirmed by the Supreme Court of Mississippi, with 10 per cent. damages. Partial payments after this were made on the judgment, and a controversy arose as to whether the 10 per cent. damages bore interest. It was held that the damages did not bear interest and that the interest should be counted only on the original judgment. In L. & N. R. R. Co. v. Sharp, 91 Ky., 411, the defendant appealed with supersedeas from a judgment against it which did not bear interest. The judgment having been affirmed, a suit was brought upon the supersedeas bond, and it was insisted that as the defendant had kept the plaintiff out of his money, the sureties in the bond were liable to interest on the judgment as a part of the damages which the plaintiff had sustained by reason of the appeal. The court held otherwise, holding that as the judgment by its terms did not bear interest, the sureties in the bond were not liable for interest pending the appeal. In Popp v. L. & N. R. R. Co., 101 Ky., 157, it was held that the sureties in an appeal bond executed on an appeal to this court, are not liable for 10 per cent. damages on the interest accruing pending the appeal. Concluding its opinion, the court said:

"The damages allowed partake of the nature of a penalty, and should not be allowed unless the law clearly authorizes it."

It was held in Talbott v. McQuies, 7 J. J. Marshall, 321, that a judgment for 10 per cent. damages on an affirmance, would not be entered in this court; but must be entered by the circuit court pursuant to the mandate, the court saying that this had been the practice since the organization of the court. The rule has been consistently maintained since. (Hodges v. Holeman, 5 Dana, 136; Cunningham v. Clay, 132 Ky., 129.)

It was held in Chandler v. Thornton, 4 B. Mon., 362, and in Brigham v. Vanbuskirk, 6 B. Mon., 197, that the judgment of the circuit court ascertaining the amount of

the damages, would bear interest from the time it was entered; but no case has ever allowed interest on the damages from the date of the decision of this court. The Supreme Court of the United States in re Washington and Georgetown Railroad Company, 140 U. S., 91, had before it this question: A judgment had been rendered in favor of the plaintiff against the railroad company in the Supreme Court of the District of Columbia, which did not bear interest. The railroad company appealed with supersedeas to the Supreme Court of the United States, where the judgment was affirmed. On the return of the case, the District Supreme Court allowed interest on the judgment pending the appeal. It was held that the judgment of the Supreme Court simply left the judgment appealed from as it was before the appeal was taken, and that the allowance of interest was improper. (See also Washington and Georgetown R. R. Co. v. Tobriner, 147 U. S., 571.)

At the time the appeal to the United States Supreme Court was taken, it had been adjudged that Melton was entitled to 10 per cent. damages on the amount superseded on the appeal to this court. But there was nothing in existence on which interest could then be computed, and under the rule of the Supreme Court, the liability of the surety in the bond is measured by the rights of the parties at the time the bond was executed. The only effect of the judgment of the Supreme Court affirming the judgment of this court, was to leave that judgment in force. Nothing was added to it or taken from it, and it may now be discharged precisely as if no appeal had been taken to the Supreme Court of the United States. The bond executed on that appeal simply gave Melton an additional security for the payment of his judgment and the costs of the appeal. It was not intended to add anything to his rights in case the judgment was affirmed, unless the Supreme Court awarded 10 per cent. damages, on the ground that the appeal was for delay.

We, therefore, conclude that the plaintiff's position that the interest on the judgment to the time when the appeal to the Supreme Court was taken should then be added to the principal, that 10 per cent. damages should be added to this, and interest counted on the lump sum from that time until the judgment was paid, can not be maintained; and that interest should be counted on the judgment straight at 6 per cent. from its date until it

was paid and no interest should be counted on the 10 per cent damages.

Judgment reversed and cause remanded, with directions to sustain the defendant's demurrer to the petition, and for further proceedings consistent herewith.