Sharon D. **WELLS**, Administratrix of the Estate of David L. Wells, Deceased; Shopper's Choice Supermarkets, Inc.; and Federal Insurance Company, Movants,

v.

**SOUTHERN RAILWAY COMPANY,** Respondent.

Supreme Court of Kentucky.

May 25, 1982.

R. J. Turley, Turley, Savage & Moore, Linda Gosnell, Lexington, for movants.

Rufus Lisle, Lexington, for respondent.

## OPINION AND ORDER

This action grew out of a collision between a train and an automobile. David L. Wells, driver of the automobile, was killed and his estate recovered a judgment against the Southern Railway Company for "... the sum of $202,448.25 together with interest thereon at the rate of 8% per annum from June 14, 1979, until paid, and the cost of this action." Southern Railway appealed to the Court of Appeals where the judgment of the trial court was reversed. On March 3, 1981, this court, on motion of Wells, granted review, and on March 9, 1982, this court reversed the Court of Appeals and affirmed the circuit court.

On March 24, 1982, the railroad filed a petition for rehearing, and on April 20, 1982, the petition for rehearing was denied. On the same date, April 20, 1982, the clerk of this court wrote a letter to counsel for respondent, the second paragraph of which provides as follows:

> "It appearing that the judgment herein was superseded by respondent Southern Railway Company and Southern Railway Company's petition for rehearing being within the purview of KRS 26A.300(3) and such petition having been denied, respondent Southern Railway Company shall pay the movant damages of 10% on the amount of the judgment against it."

On April 26, 1982, the railroad filed a "Motion for Reconsideration and/or Clarification." On April 29, 1982, Wells filed a response to the railroad's motion for clarification, and also moved the court for clarification on the issue as to whether, if a penalty is awarded, the penalty should merely be on the verdict or should it include the verdict plus interest. On April 30, 1982, other movants joined with the motion of Wells.

It is the contention of the railroad that its petition for rehearing filed in this court

on March 24, 1982, and denied by this court on April 20, 1982, in no way constituted a second appeal but was merely a further step in the first and only appeal. On the other hand, Wells and other movants contend that "There have been *two* appeals of this case; the first by the railroad to the Court of Appeals and the second by the Administratrix, on grant of discretionary review, to this Court."

KRS 26A.300 deals with the collection of judgments and damages when the collection has been delayed. It is the proper construction of subsection (3) that is at issue. Subsection (3) provides as follows:

"Similar damages of ten percent (10%) shall be imposed when a petition for writ of certiorari, petition for rehearing, or other petition which stays collection of a judgment for the payment of money is denied by an appellate court under circumstances not constituting a first appeal under subsection (1) of this section."

This section may be paraphrased to read ". . . damages of ten percent (10%) shall be imposed when a . . . petition for rehearing . . . stays collection of a judgment for the payment of money is denied by an appellate court under circumstances not constituting a first appeal under subsection (1) of this section."

■ First of all, we have an appeal as a matter of right by the railroad from the circuit court to the Court of Appeals. Thereafter, although not an appeal, the motion for discretionary review filed by the administratrix of the estate of David L. Wells presents circumstances not constituting a first appeal. The facts of the subject action fit the provisions of subsection (3) and the 10% penalty applies.

Wells contends that the penalty should be imposed not only on the dollar amount of the verdict but also should be applied to the interest.

■ A review of our prior decisions clearly indicates that "In the absence of statutory requirements penalties do not bear interest." *Phillips v. Green*, 288 Ky. 202, 209, 155 S.W.2d 841, 844 (1941). In an earlier case we also found ". . . that the plaintiff's position that the interest on the judgment to the time when the appeal to the Supreme Court was taken should then be added to the principal, that 10 per cent. damages should be added to this, and interest counted on the lump sum from that time until the judgment was paid, cannot be maintained . . . ." *Louisville & N. R. Co. v. Melton*, 146 Ky. 242, 246, 142 S.W. 382, 384 (1912). These same considerations apply today and require us to conclude that the interest is not subject to penalty.

IT IS ORDERED that Sharon D. Wells, Administratrix of the estate of David L. Wells, deceased, shall recover of the Southern Railway Company damages in the sum of 10% of the amount of the judgment ($202,448.25) only.

IT IS FURTHER ORDERED that the penalty shall not be assessed on any interest due or to become due on the amount of the judgment.

PALMORE, C. J., and AKER, O'HARA, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.

/s/ John S. Palmore
Chief Justice