**In re ALWAN BROTHERS CO., INC., Debtor.**

**In re William N. ALWAN, Debtor.**

**In re Joseph M. ALWAN, Debtor.**

**Bankruptcy No. 88–82572.**

United States Bankruptcy Court, C.D. Illinois.

May 24, 1990.

Barry M. Barash, Galesburg, Ill., for debtors.

Andrew W. Covey, Baymiller, Christison & Radley, Peoria, Ill., for claimants.

Gregory A. Cerulo, Quinn, Johnston, Henderson & Pretorius, Chtd., Peoria, Ill., for Supersedeas Bond Trustee.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court are the DEBTORS' Supplemental Objections to the claims of

DAVID TOWELL (TOWELL) and ROBERT DAWSON (DAWSON).[1] The basis of TOWELL's and DAWSON's claims against the DEBTORS are fully set out in this Court's opinion at *In re Alwan Bros. Co., Inc.*, 105 B.R. 886 (Bkrtcy.C.D.Ill.1989), and will not be restated here in detail. The essential facts are that TOWELL, DAWSON and Jane Gnidovec,[2] obtained a judgment against the DEBTORS for compensatory and punitive damages. The DEBTORS appealed the judgment, entering into a Supersedeas Bond Trust Agreement (AGREEMENT) whereby several parcels of real estate were transferred to a trustee pending resolution of the appeal. If the DEBTORS were unsuccessful on appeal and failed to satisfy the judgment within 30 days, the real estate was to be sold and the proceeds applied to the judgment. If the proceeds were insufficient, TOWELL and DAWSON could further execute on the judgment. The judgment was affirmed on appeal by the Kentucky state courts and the DEBTORS filed for relief under Chapter 11 of the Bankruptcy Code. The DEBTORS also filed a petition for review in the United States Supreme Court. The filing of the bankruptcy petitions triggered numerous pleadings and proceedings by both the DEBTORS and TOWELL and DAWSON. This Court has previously ruled on those matters, holding that DAWSON and TOWELL could proceed in accordance with the AGREEMENT to sell so much of the real estate necessary to satisfy their claims for compensatory damages and interest thereon, but that the remaining real estate could not be sold to satisfy their claims for punitive damages and could be used by the DEBTORS to reorganize.

At issue here is the amount of DAWSON's and TOWELL's claims. The schedules filed by the DEBTORS list TOWELL as having a disputed claim in the amount of $435,574.00 and DAWSON having a disputed claim in the amount of $404,614.00. On April 27, 1989, prior to the claims bar date, TOWELL filed a claim in the amount of $502,081.86 and DAWSON filed a claim in the amount of $465,209.83. The DEBTORS filed a Supplemental Objection to the claims, asserting that the compensatory damage component of TOWELL's and DAWSON's claims had been paid in full by restitution payments received from Larry Janssen.[3] A hearing was held on November 13, 1989, and the parties were given an opportunity to submit written briefs.

The heart of the DEBTORS' objection to TOWELL's and DAWSON's claims was the DEBTORS' belief that TOWELL and DAWSON had received significant restitution payments from Larry Janssen. The DEBTORS' suspicions were generated by an unsigned order of the Kentucky state court directing the clerk to issue a check to DAWSON in the amount of $41,000.00 and one to TOWELL in the amount of $69,500.00, tendered by the prosecutor and signed off by the attorney for TOWELL and DAWSON. At the hearing, TOWELL and DAWSON introduced an affidavit of the clerk of the Warren Circuit Court, showing the following payments to have been made from the restitution account:

| Date | Payee | Amount |
|------|-------|--------|
| August 15, 1986 | Towell | $4,578.99 |
| August 15, 1986 | Dawson | $2,700.61 |
| October 6, 1986 | Towell | $ 447.65 |
| October 6, 1986 | Dawson | $ 263.74 |

Both TOWELL and DAWSON testified that no other payment had been received

---

1. Although the pleading filed by the DEBTORS is captioned as "Supplemental" objections, the DEBTORS had not previously filed objections to the claims of TOWELL and DAWSON, as such. An adversary proceeding had been filed, however, which placed in issue the dischargeability of a portion of their claims.

2. Jane Gnidovec was awarded compensatory damages of $6,000.00 and punitive damages of $250,000.00. While she has been a party, along with TOWELL and DAWSON, to all other proceedings in this case, she has not been involved in this matter. Apparently, she did not receive

any restitution payments and the DEBTORS made no objection to her claim.

3. As this Court noted in a previous opinion, the complaint filed against the DEBTORS in the Kentucky state court proceedings alleged that Larry Janssen, in conspiracy with and as an agent of the DEBTORS, had defrauded TOWELL and DAWSON. In separate criminal proceedings, Janssen pled guilty and was ordered to make restitution to TOWELL and DAWSON, among others.

by or on behalf of Larry Janssen. The DEBTORS failed to refute this evidence and the Court accepts it as true.

Another point of contention between the parties concerns the computation of interest on the Kentucky state court judgment. TOWELL and DAWSON argue that the interest should be compounded annually, based upon Kentucky Revised Statutes section 360.040, which provides, in pertinent part:

> A judgment shall bear twelve percent (12%) interest compounded annually from its date.... Provided, that when a claim for unliquidated damage is reduced to judgment, such judgment may bear less interest than twelve (12%) if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than twelve percent (12%).

The judgment at issue here provides that the plaintiffs were entitled to recover "interest at the rate of twelve percent (12%) per annum". Despite the clear language of the Kentucky statute, the DEBTORS dispute that the interest should be compounded annually. The cases relied on by the DEBTORS are wholly inapposite and hardly persuasive. Accordingly, this Court holds that the interest will compound on September 20, 1986, and on the 20th day of September each year thereafter.

A third disagreement between the parties concerns the imposition of the 10% statutory damages under Kentucky law, which provides:

> When collection of a judgment for the payment of money has been stayed as provided in the Rules of Civil Procedure pending any other appeal, damages of ten percent (10%) on the amount stated shall be imposed against the appellant in the event the judgment is affirmed or the appeal is dismissed after having been docketed in an appellate court. Kentucky Revised Statutes, section 26A.300(2).

In their brief, the DEBTORS refer to Section 726 of the Bankruptcy Code (11 U.S.C. Section 726), which sets forth the distributive scheme in a Chapter 7 case, and assert that the ten percent statutory damages are subordinate to the claims of general unsecured creditors and should therefore be treated in the same manner as the claims for punitive damages. In response, TOWELL and DAWSON contend that the DEBTORS' reliance upon section 726(a) is misplaced because the DEBTORS' cases were filed under Chapter 11 and not Chapter 7. The DEBTORS seem to concede that TOWELL and DAWSON may include the ten percent statutory damages as part of their claims against the DEBTORS. That is correct. The real dispute is whether TOWELL and DAWSON may sell the real estate pursuant to the AGREEMENT to satisfy all or part of the ten percent statutory damages or whether that amount will be part of their claim, along with the punitive damage component, to be dealt with by the DEBTORS under their plan of reorganization. Because that determination sounds much like the issues now on appeal before the district court, the DEBTORS question this Court's jurisdiction to decide the matter.[4]

Upon the filing of a notice of appeal from an order of the bankruptcy court, the bankruptcy court loses jurisdiction over matters involved in the appeal. *In re Wonder Corp. of America*, 81 B.R. 221 (Bkrtcy. D.Conn.1988). That loss of jurisdiction, however, relates only to those issues raised and decided by the order appealed from. *In re Food Fair, Stores, Inc.*, 16 B.R. 387 (Bkrtcy.S.D.N.Y.1982). Here, as in *Food Fair, supra*, while the issues involved are somewhat related, they are in fact distinct. The issues presently on appeal involve the rights of TOWELL and DAWSON to proceed under the AGREEMENT to satisfy the full amount of the judgment. The issue now before the Court is the amount of the claims of TOWELL and DAWSON, and more particularly, the amount of the com-

---

**4.** This Court's determination that punitive damages are dischargeable was appealed by TOWELL and DAWSON prior to the hearing on this matter. Subsequent to that hearing, TOWELL and DAWSON have appealed, or, in the alternative, sought leave to appeal, the remaining issues decided by this Court on October 13, 1989.

pensatory damage components of their claims.

■ This Court agrees with TOWELL and DAWSON that section 726(a)(4) has no applicability to a Chapter 11 case. In addition, the dischargeability of the ten percent statutory damages has not been properly raised. Bankr.R.Proc. 7001(6). This Court's ruling that TOWELL and DAWSON could proceed under the AGREEMENT to sell so much of the real estate necessary to satisfy their claims for compensatory damages resulted from a determination that the punitive damage component of their claims was dischargeable in bankruptcy. That issue was properly placed before the Court by the filing of adversary complaints against William N. Alwan and Joseph M. Alwan, individually. That same result cannot be achieved merely by characterizing the ten percent statutory damages as a penalty similar to punitive damages.

■ The dischargeability of ancillary obligations such as attorneys' fees and interest depends upon the status of the primary debt. *See Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987). The ten percent statutory damages at issue here are such an ancillary charge. Accordingly, those damages must be apportioned between the compensatory damage and the punitive damage components of TOWELL's and DAWSON's claims. *See In re Hunter*, 771 F.2d 1126 (8th Cir.1985). But the ten percent statutory damages shall be assessed on the amount of the judgment only and interest shall not be computed on the amount of those statutory damages. *See Wells v. Southern Railway Co.*, 633 S.W.2d 406 (Ky.1982). And, under this ruling, which fixes a portion of the statutory damages as part of the compensatory damages components of TOWELL's and DAWSON's claims, TOWELL and DAWSON may proceed under the AGREEMENT to

satisfy the ten percent statutory damages assessed upon the compensatory damages components.[5]

TOWELL and DAWSON have also sought attorney's fees on the ground that the DEBTORS' objection to the claims is without any basis. This Court disagrees. As noted previously, there was an unsigned order to which the attorney for TOWELL and DAWSON had agreed that provided that TOWELL and DAWSON had received substantial restitution payments. That order created some confusion and justified this proceeding.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

In accordance with an Opinion filed this same day, IT IS ORDERED that

1. The amounts of restitution received by TOWELL and DAWSON on their claims against the DEBTORS are as follows:

| DATE | CLAIMANT | AMOUNT |
| --- | --- | --- |
| August 15, 1986 | TOWELL | $4,578.99 |
| August 15, 1986 | DAWSON | $2,700.61 |
| October 6, 1986 | TOWELL | $ 447.65 |
| October 6, 1986 | DAWSON | $ 263.74 |

Those amounts, along with the amounts received by TOWELL and DAWSON from the sale of the farms, are to be credited against their claims against the DEBTORS.

2. The claims of TOWELL, DAWSON and GNIDOVEC shall bear interest at twelve percent (12%) compounded annually from the date of the judgment.

3. The ten percent statutory damages provided under Kentucky law shall be included as part of the claims of TOWELL, DAWSON, and GNIDOVEC and shall be apportioned between the compensatory damage component and the punitive dam-

---

5. Even though, as previously noted, the DEBTORS have not objected to the claim of Jane Gnidovec, this Court's rulings as to the computation of interest and the imposition and apportionment of the statutory damages would be applicable to Gnidovec's claim as well. All three claims are of the same origin and should

be similarly treated. These issues were not raised initially but evolved in the course of this proceeding. No purpose would be served by requiring the filing of a formal objection. Accordingly, the provisions of the order are also made applicable to Gnidovec's claim.

age components of their claims. Those damages shall be assessed against the amount of the judgment only and no interest shall accrue on the amount of those damages.

4. TOWELL, DAWSON and GNIDOVEC may proceed under the terms of the Supersedeas Bond Trust Agreement to satisfy that proportion of the ten percent statutory damages attributable to the compensatory damages component of their claims.

5. TOWELL, DAWSON and GNIDOVEC are directed to file with the Court within fourteen days of the date of this order a computation of their claims, including a separate computation of the compensatory damages component, in accordance with the determinations of this Court's opinion and order. The DEBTORS shall then have fourteen days to object to the computations of TOWELL, DAWSON, and GNIDOVEC.

6. The motion for attorney's fees filed by TOWELL and DAWSON is DENIED.