CASE 59—RULE—SEPTEMBER 27.

# Reed vs. Lander.

ON RULE TO SET ASIDE JUDGMENT FOR TEN PER CENT. DAMAGES.

1. Ten per cent. damages cannot be awarded by the Court of Appeals on the affirmance of a judgment for the payment of money, as provided in section 904 of the Civil Code, unless an order of supersedeas has been issued by the clerk of the circuit court, or by the Clerk of the Court of Appeals.

2. A judgment is not superseded by the execution of a bond, nor until an order of supersedeas is issued by the proper clerk, as provided by the Civil Code, sections 886, 887, 888, and 892.

3.  On rule, a judgment of the Court of Appeals for ten per cent. damages, on affirmance of the judgment of the circuit court, is set aside, because no supersedeas had been sued out.

WILLIAMS & PRALL,                                          For Reed,
                          CITED—
*Civil Code, secs.* 904, 886, 892.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellee having recovered a judgment for money against appellant in the Bourbon circuit court, prayed and obtained an appeal, and executed before the clerk of said court an appeal bond; but did not sue out from said clerk's office, or from the clerk of this court, a supersedeas. The judgment having been affirmed, ten per cent. damages was awarded by this court; whereupon a rule was sued out by appellant against appellee, to show cause why this judgment as to damages should not be set aside, because a supersedeas had never been sued out. Said rule has been executed, but no response has been made. Appellant, however, filed the certificate of the Bourbon circuit clerk, that no supersedeas had ever been issued from his office. This rule presents the isolated question, whether, in the absence of a supersedeas, an appellee is entitled to damages on an affirmance, though an appeal bond be executed.

By section 888, Civil Code, it is provided, that " where the appeal was granted by the court rendering the judgment or order, and the bond is executed within thirty days thereafter before the clerk of such court, the *supersedeas shall be issued* by such clerk; in all other cases it shall be issued by the clerk of the Court of Appeals." '

Section 892 defines the supersedeas to be " *a written order, signed by the clerk,* commanding the appellee, and all others, to stay proceedings on the judgment or order."

And section 886 provides that "*an appeal shall not stay proceedings on the judgment or order unless a supersedeas is issued*."

And section 887 provides that a supersedeas shall not issue " until the appellant shall cause to be executed, before the clerk of the court which rendered the judgment or order, or the clerk of the Court of Appeals, by one or more sufficient sureties, to be approved by such clerk, a bond to the effect," &c.

It is perfectly apparent from these several sections that whilst the order of appeal and execution of an appeal bond are essential prerequisites to the obtainment of a supersedeas, that neither one nor both constitutes it; therefore the judgment is not superseded until the order of supersedeas from the proper clerk is issued; hence, ten per cent. damages cannot be awarded in the absence of this order constituting the supersedeas; for it is provided in section 904, Civil Code, that " upon an affirmance of a judgment, order, or decree, for the payment of money, the collection of which, in whole or part, *has been superseded*, as provided in this chapter, ten per centum damages on the amount *superseded* shall be awarded against the appellant."

Wherefore, the order awarding damages in this case, on the affirmance of the judgment below, is set aside for the want of a supersedeas, no authority being found in this court to award damages unless the judgment be actually superseded; for until that is done, there is no legal impediment to the plaintiff, in coercing his judgment by execution.