## WASHINGTON WATSON, &c., v. EDGAR NUDHAM.

**Bonds—Principal and Surety—Appeal Bond—No Supersedeas Issued.**

The mere execution of a supersedeas bond, without the issuance of the order of supersedeas, will not render the sureties liable for costs in the previous suits and rents and damages for being kept out of the possession of the property in litigation, during the pending of the appeals.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

June 17, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

In a suit in equity in the Louisville chancery court, between opposing members of a disrupted congregation of colored Methodists for the possession and control of a church edifice, from the use of which each party sought to exclude the other, two supersedeas bonds were executed by the appellee, as surety for the most unsuccessful party, in substantial conformity with the provisions of section 887 of the Civil Code of Practice, as prerequisite to the obtaining of writs of supersedeas to stay the enforcement of judgments rendered in the cause. The contemplated appeals were both unsuccessfully prosecuted, one of them being dismissed for want of jurisdiction in this court, and the other resulting in an affirmance of the judgment which the appellants sought to have reversed; but no supersedeas was issued in either appeal, as required, to stay the proceedings of the chancery court (Civil Code, section 886).

This action was instituted against the appellee as surety in said bonds for the recovery of costs expended in the previous suit, and rents and damages for being kept out of the possession of the property during the pendency of the appeals in this court.

The principal ground of defense relied on by the defendants was one of law. That the mere execution of the bonds did not have the effect of superseding the judgments, and no orders of supersedeas having been issued, the execution of the bonds interposed no obstacle to the enforcement of the judgments, and therefore did not operate to devolve any responsibility on the defendant. With an agreed statement of facts the cause was submitted to the court for trial without the intervention of a jury; and a judgment was rendered dismissing the petition; and to reverse that judgment this appeal is prosecuted. There is no evidence conducing to show that the appellees agreed to waive the issual of orders of supersedeas, or that they accepted the bonds as common law obligations, for their security in the event of the unsuccessful prosecution of the appeal.

In the case of Reed v. Lander, 5 Bush, 598, this court held that neither the order of appeal nor the execution of an appeal

bond constituted a supersedeas, and hence the judgment not being suspended, because the proper order of supersedeas was not issued, ten per cent damages could not be awarded on its affirmance by this court.

In this case the stipulations of the bonds are substantially the same in relation to rents, damages and costs, and we are unable to see how the surety can be exempt from responsibility for damages, and yet liable on his bonds for rents or costs; and especially so, as no sufficient reason appears for giving effect to the bonds as common law obligations.

Wherefore, no error being perceived in the judgment, the same is affirmed.

*Harrison,* for appellant.
*Harlan & Newman,* for appellee.