## Hall v. Dineen.

Appeal from Kenton Circuit Court.

Motion made in Court of Appeals.   Sustained.

Supersedeas—Damages in Appellate Court—Error in Awarding—
  When Correctible—Upon the affirmance of a judgment by

this court which has been superseded, it is error in the clerk of this court to enter a judgment giving the appellee ten per cent. damages upon the amount superseded unless there was a personal judgment in the lower court against the appellant, which might be enforced by execution, and which was also superseded, or where the contest was over a fund in court, and the motion to correct the error may be made at a subsequent term of this court.

W. H. MACKOY for appellant.

BYRNE & REED for appellee.

RESPONSE TO MOTION BY CHIEF JUSTICE HOBSON.

The judgment appealed from herein, which was affirmed, directs the master commissioner to pay to Ellen Dineen the sum of $620.72, the balance found due her, out of the funds in his hands. Appellant superseded the judgment, and the clerk of this court, in entering the order of affirmance, so entered it as to give appellee ten per cent. damages upon the amount superseded. Appellant has entered a motion to set aside this part of the order. Sec. 764 of the Civil Code of Practice provides: "Upon the affirmance of, or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in chapter two of this title, ten per cent. damages on the amount superseded shall be awarded against the appellant." In discussing the meaning of this section this court, in Worsham v. Lancaster, 104 Ky., 814, 20 Ky. Law Rep., 969, 48 S. W., 411, said: "It has been repeatedly held that damages could not be awarded upon the supersedeas of a judgment directing a sale of property to satisfy a lien, unless there was a personal judgment for the amount of the lien, which was also superseded. (Talbot v. Morton, 5 Litt., 326; Sumrall v. Reid, 2 Dana, 65; Woods v. Roman, 5 B. Mon., 145; Rowan v. Pope, 14 B. Mon.,

102; and Stamps v. Beaty, Hardin, 345. The Superior Court, in an opinion January 9, 1885, in Coffin v. Kelling, and Robinson v. Bashaw, and also in Cornwall v. Fletcher (Oct. 12, 1887), held that damages on the affirmance of a judgment superseded should not be given where the contest was over a fund in court, but that the judgment must be one that might be enforced by execution. There are a large number of cases in which no opinion was delivered which follow this doctrine." Several cases are referred to in the opinion in which the rule was followed, and it has been applied by the court consistently in cases coming before it since that opinion was delivered. The fact that the motion to correct the order was not made within thirty days after the judgment was entered is not material. So much of the order as gave damages on the affirmance was a clerical error, correctible by the record, and like any other clerical error, may be corrected at a subsequent term.

The motion is therefore sustained.