CASE 16.—ACTION BY ESTELLE CLAY'S ADMINISTRATOR AGAINST L. E. CUNNINGHAM.—February 18.

## Cunningham v. Clay's Admr.

On motion for ten per cent damages on judgment, affirmed in Court of Appeals.

1. Costs—Appeal—Affirmance—Damages.—Under Civil Code of Practice, section 764, providing that, upon affirmance of a superseded money judgment, 10 per cent damages shall be awarded against appellant, on affirmance of a superseded judgment for the recovery of personalty, or its specified value, appellee was entitled to such damages.

2. Appeal and Error—Affirmance—Damages—Procedure Below.—Judgment for damages on affirmance of a superseded judgment for the recovery of personalty, or for its value, if return can not be had, must be rendered by the circuit court, on the filing and entry in that court of the mandate of the court of appeals, if appellee elects to enforce payment of the value fixed by the original judgment, instead of having execution issue to recover the specific property.

GRANT E. LILLY for appellant.

H. CLAY HOWARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.

Appellee recovered of appellant, in the court below, certain articles of personal property specifically mentioned in the verdict of the jury and judgment of the court, if to be had, or, if not to be had, the specified value of each article of property as fixed by the jury

and judgment, amounting in the aggregate to $697. Appellant prosecuted an appeal from the judgment, but before filing in the office of the clerk of this court a transcript of the record superseded the judgment by the execution of a proper bond before the clerk of the circuit court, and by virtue thereof supersedeas was duly issued and served upon appellee, thereby suspending, during the pendency of the appeal, the enforcement of the judgment. On October 13, 1908, the judgment appealed from was affirmed by this court. See Cunningham v. Clay's Admr. (Ky.), 112 S. W. 852. On December 15, 1908, the appellant filed a petition for rehearing, which the court, January 14, 1909, overruled. When the judgment was affirmed, there was a failure on the part of this court to award appellee 10 per cent damages upon the amount superseded. Appellee now asks that the damages be allowed him; notice of his motion therefor having been duly served upon appellant.

The judgment is one upon which appellee was entitled, as a result of the affirmance, to 10 per cent damages as allowed by section 764, Civil Code of Practice, which provides: "Upon the affirmance of, or the dismissal of an appeal from, a judgment for money, the collection of which, in whole or part, has been superseded, as provided in chapter 2 of this title, 10 per cent damages on the amount superseded shall be awarded against the appellant." The amount of the judgment superseded was $697, and upon this sum 10 per cent damages should have been awarded appellee. His right to the damages is not affected by the fact that the judgment is in the alternatice; for a judgment for the return of personalty ,or, if not to be had, its specified value, is in meaning and effect a judgment for the specified value, if the property can

not be had, or if the litigant to whom the judgment gives the property elects to take the value as fixed by the judgment instead of the property. In Rennebaum v. Atkinson, 105 Ky. 396, 20 Ky. Law Rep. 254, 49 S. W. 342, the plaintiff recovered judgment against the defendant in the court below for certain personal property, if to be had, and, if not to be had, $800 as its value, and $100 damages for its detention. The judgment was superseded, and an appeal to this court was affirmed, with damages. On filing the mandate in the circuit court, an execution was ordered on the original judgment; but, none of the property recovered by the plaintiffs being found by the officer having the execution in hand, he returned it with an indorsement thereon showing that fact. Thereafter, upon notice to the defendant, the plaintiffs asked judgment in the lower court against him for the 10 per cent damages awarded by the mandate on the $800.00 required by the original judgment to be paid them as the value of the property recovered and the $100 damages for its detention. This court, upon the application of plaintiffs for a rule to compel the circuit court to enter judgment for the 10 per cent damages, held that, as it appeared from the return of the execution that the property could not be restored, the judgment became a judgment solely for the payment of $900, the collection of which had been superseded. Therefore the circuit court should have entered judgment in plaintiff's behalf for $90, that sum being 10 per cent damages on the $900 judgment superseded.

This court is only asked to award appellee the 10 per cent. damages claimed by reason of the affirmance by this court of the judgment of the circuit court, and this we have already said he is entitled to. Judgment

for the amount of such damages must, however, be rendered by the circuit court upon or following the filing and entering in that court of the mandate of this court. After that step is accomplished, appellee may have an execution for the specific property recovered by his judgment, commanding the proper officer to take and deliver it to him; or, without demanding the delivery to him of the personal property for which he recovered judgment, or showing that it was not obtainable, he may elect to insist upon and coerce the payment of the $697 fixed in the judgment as its value, in which event he can ask for, and it will be the duty of the circuit court to give him, judgment for the 10 per cent. damages awarded by the mandate of this court. This court has held that such right of election rests in the plaintiff in a case like the one under consideration. Thus, in Martin v. Ferguson, 111 S. W. 281, it is said: "The only question arising upon the record before us is whether or not, under the judgment rendered, the appellee has the right to demand the value of the property instead of the property itself, if the latter be tendered in satisfaction of the judgment. Article 7, c. 46, Ky. Stats., 1903, is as follows: "Sec. 1665. When a judgment shall be recovered for a specific thing the plaintiff may have an execution issued thereon, commanding the proper officer to take the thing so recovered and deliver the same to the plaintiff. (1) Or the plaintiff may, if he so elect, take an execution for the assessed value of the thing recovered, and in either case the execution shall embrace the damages assessed for the detention and costs. (2) The court may, upon satisfactory proof that the property recovered his perished, or that, without the fault of the defendant, it is out of his power to produce the same, order the plaintiff to

receive the assessed value in lieu of such property.' As this statute was enacted subsequently to section 388 of the Civil Code of Practice, wherever there is a variance between them, the statute must prevail. The language of the statute is too plain to require construction. It gives to plaintiff (appellee) the right, if she so elects to an execution for the assessed value of the property involved, and for the damages assessed for the detention and for her costs."

Wherefore, appellee's motion that he be awarded the 10 per cent. damages is sustained.