## Tennessee Central Railroad Company v. Reeves' Adm'r.

(Decided March 1, 1912.)

### Appeal from Christian Circuit Court.

Appeals—Dismissal of—Superseded Judgment—Ten Per Cent. Damages.—Upon the dismissal of appellant's appeal from a judgment for damages, because the transcript was not filed in time, the motion for ten per cent. damages against the appellant upon the supersedeas was properly sustained, appellee being entitled to his judgment for the ten per cent. damages against appellant as a matter of right. See section 764, Civil Code of Practice.

DOWNER & RUSSELL for appellant.

R. O. HESTER for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

The administrator of James Reeves brought his action in Christian Circuit Court against the Tennessee Central Railroad Company to recover damages for his death. Upon the trial the plaintiff recovered a verdict and judgment for $2,000.00. The railroad company superseded the judgment and prayed an appeal to this court. The transcript was not filed in this court in time, and in May, 1911, on motion of Reeves' adminis-

trator, the appeal was dismissed with damages on the supersedeas.

Reeves' administrator thereupon filed in the Christian Circuit Court the mandate, and entered his motion for a judgment for damages against the railroad company upon the supersedeas. The railroad company entered appropriate objections to the rendition of such a judgment, its objections were overruled, and a judgment was entered in favor of Reeves' administrator for $200.00, ten per cent. on the judgment superseded. This judgment for the damages was superseded by the railroad company, and it prosecutes this appeal.

The question presented is one of practice. The railroad company takes the position that damages upon a supersedeas can be recovered only by original action; while Reeves' administrator takes the position that the practice followed was a proper practice, and that as against the appellant company he did not have to resort to an independent action.

Section 764 of the Civil Code provides as follows:

"Upon the affirmance of, or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or part, has been superseded, as provided in chapter 2 of this title, 10 per cent. damages on the amount superseded shall be awarded against the appellant."

Under this provision the appellee, upon the dismissal of the appeal from the superseded judgment, was entitled to his judgment for the 10 per cent. damages against the appellant as a matter of right. It would be folly to require him to resort to an independent action to recover that, his right to which was already ascertained. The practice followed has been customary throughout the State. It has received the sanction of this court. In L. & N. Railroad Co. vs. Melton 146 Ky., 242, it is said:

"It was held in Talbott vs. McQuies, 7 J. J. Marshall, 321, that a judgment for 10 per cent. damages on an affirmance, would not be entered in this court; but must be entered by the circuit court pursuant to the mandate, the court saying that this had been the practice since the organization of the court. The rule has been consistently maintained since. Hodges vs. Holeman, 5 Dana, 136; Cunningham vs. Clay, 132 Ky. 129."

The judgment is affirmed with damages.