## United States Fidelity and Guaranty Co. v. Citizens National Bank of Monticello, Kentucky.

### (Decided April 18, 1912.)

### Appeal from the Wayne Circuit Court.

Judgment—Affirmance Of.—Allowance of Ten Per Cent. Damages.— The court has no discretion as to awarding ten per cent. damages under the statute, and where a superseded judgment has been affirmed ten per cent. damages must be awarded although ten per cent. damages has been awarded and paid on a prior appeal from the same judgment which was dismissed.

BRUCE & BULLITT, WM. MARSHALL BULLITT, KEITH L. BULLITT and CLARENCE C. SMITH for appellant.

J. P. HARRISON, F. R. HARRISON and O. H. WADDLE & SON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Overruling motion.

Section 764 of the Civil Code provides:

"Upon the affirmance of, or the dismissal of an appeal from a judgment for the payment of money, the collection of which, in whole or part, has been superseded, as provided in Chapter 2 of this title, 10 per cent damages on the amount superseded shall be awarded against the appellant."

On May 20, 1910, the Citizens National Bank of Monticello, Kentucky, recovered a judgment against the United States Fidelity and Guaranty Company in the Wayne Circuit Court for $15,000. The company then prayed an appeal in that court which was granted, and executed a supersedeas bond on which a supersedeas was subsequently issued. The transcript not having been filed in this court within the time required by law, on motion of the appellee that appeal was dismissed with 10 per cent damages and cost. (U. S. Fidelity Co. v.

Citizens National Bank, 143 Ky., 699. The Guaranty Company paid the damages and cost. It took out another appeal before the clerk of this court, and executed a supersedeas bond before him on which it procured another supersedeas. On the hearing of that appeal the judgment was affirmed with 10 per cent damages and cost. (U. S. Fidelity Co. v. Citizens National Bank, 147 Ky., 285.) A motion has now been entered to correct the judgment by striking therefrom that portion of it allowing the appellee 10 per cent damages upon the affirmance of the lower court's judgment. It is insisted that this court has a discretion to allow or not to allow damages a second time, and that it should under the circumstances exercise that discretion so as to relieve the Guaranty Company from the hardship of having to pay 10 per cent damages twice on the amount superseded. But it will be observed that the statute is mandatory. It provides that upon the dismissal of an appeal or upon its affirmance, where a judgment for the payment of money has been superseded "10 per cent damages on the amount superseded shall be awarded against the appellant." The statute leaves the court no discretion. (Tenn. Cent. R.R.Co. v. Reeves, 147 Ky., 305). When the first appeal was dismissed the damages were awarded as a matter of right under the statute. It was insisted then that the supersedeas had not been regularly issued and that no damages should be awarded. The conclusion we then reached is final, and cannot be reviewed now. We cannot take into consideration anything that occurred on that appeal in determining whether damages should be awarded on the second appeal. On the second appeal the judgment was affirmed. It was for the payment of money and had been superseded, and the fact that there had been a previous appeal, which had been dismissed with damages, in no wise affects the rights of the parties. The court has in numerous cases allowed 10 per cent damages on an appeal that was dismissed and also 10 per cent damages on a subsequent appeal from the same judgment. There were here two appeals and two appeal bonds were executed. On each appeal bond a supersedeas issued. The right of the appellee to damages on the second appeal is the same as on the first. The statute is peremptory.

Motion overruled.