## Big Sandy Commercial Bank v. Skaggs et al.

(Decided March 3, 1933.)

82

See, also, 246 Ky. 157, 54 S. W. (2d) 650.

VINSON & MILLER for appellant.

CALDWELL & GRAY for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Big Sandy Commercial Bank, prosecutes this appeal from a judgment of the Lawrence circuit court, dismissing its petition and overruling its demurrer to appellees' amended answer thereto filed in an action instituted by appellant for a recovery upon Andrew Skaggs' supersedeas bond, executed in the lower court, of judgment debt, together with 10 per cent. damages thereon.

At the June, 1931, term of the Lawrence circuit court, appellant recovered a judgment against appellee Andrew Skaggs et al. for approximately $5,000.

From this judgment, appellee Andrew Skaggs was granted an appeal, and, execution having issued on the judgment on August 14, on August 24, 1931, he executed a supersedeas bond before the clerk of the Lawrence circuit court, with J. C. Alfred and L. C. Skaggs, the codefendants, as his sureties thereon.

The bond substantially followed section 748 of the Civil Code of Practice, and bound Andrew Skaggs and his sureties to pay to the Big Sandy Commercial Bank all costs and damages that might be adjudged against him on the appeal, and to satisfy and perform the said judgment, if it should be affirmed, and any order or judgment which the Court of Appeals might render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment, and also to pay all damages the bank might sustain by reason of the appeal.

Upon the execution of this bond, the sheriff, on September 21, 1932, returned execution, issued upon the judgment appealed from, to the clerk, without levy thereon.

Andrew Skaggs failed to prosecute the appeal granted him in the circuit court, in that he did not file transcript of the record in said cause as required by section 738 of the Civil Code of Practice; whereupon the bank filed in this court a copy of the judgment, supersedeas bond, and notice, and moved the court, because of Andrew Skaggs' failure to comply with the provisions of section 738 of the Code, to dismiss his appeal with damages.

On March 25, 1932, this court sustained the bank's motion, dismissed the appeal, and issued its mandate awarding the bank, appellee, 10 per cent. damages on the amount of the judgment superseded, and ordered that its mandate be certified to the lower court.

Just prior to the issuance of this mandate, dismissing with damages the appeal granted Andrew Skaggs, for his failure to duly prosecute same, the said Skaggs on March 21, 1932, filed transcript in the office of the clerk of the Court of Appeals, where a new appeal was there granted, supersedeas bond executed by him, with the same sureties thereon, and supersedeas issued by the clerk, as provided by section 749 of the Civil Code of Practice, on May 10, 1932, staying all proceedings upon the judgment, pending final decision of this second appeal, by this court, which order of supersedeas was duly served on the clerk of the Lawrence circuit court May 12, 1932. The bank then filed this suit against Skaggs and his sureties on the original supersedeas bond executed by them in the Lawrence circuit court, seeking to recover thereon both the judgment debt appealed from and also the 10 per cent. damages which were awarded thereon by the mandate issued upon its dismissal of the first appeal.

The defendants in this action filed answer and by amended answer denied that any order of supersedeas had ever been issued by the circuit court clerk upon the supersedeas bond executed upon the appeal there granted and later dismissed, and that said judgment appealed from was never at any time therein superseded or stayed. Wherefore defendants prayed that plaintiff's petition be dismissed, with costs.

Plaintiff's demurrer to this amended answer being overruled, and plaintiff declining to plead further, its petition was dismissed, with costs.

Complaining of this judgment as erroneous, it prosecutes this appeal.

With this summary of the record, we will now consider appellant's contention here presented, that the lower court erred in dismissing its petition filed upon appellee Skaggs' supersedeas bond, executed upon the appeal granted by the trial court, wherein it sought the recovery both of the judgment debt appealed from and 10 per cent. damages thereon.

We will first consider its contention that this court's dismissal of Skaggs' first appeal, for failure to file transcript within the time required, was such an affirmance of the judgment, within the meaning of the bond, as to make the obligors therein liable for the amount of the judgment recovered.

While ordinarily the dismissal of an appeal for want of timely prosecution constitutes, within the meaning and import of the bond, an affirmance of the judgment appealed from, such a result cannot be claimed to here exist, for the reason that even before the dismissal of the appeal, a new appeal was sued out by the appellee Skaggs before the clerk of this court, wherein a reversal of the judgment appealed from was sought and an additional supersedeas bond executed, conditioned for the performance and satisfaction of the judgment, also superseded, if it should be affirmed. This judgment was then before the court, pending upon such appeal, the determination of the question of its reversal or affirmance, from which it necessarily follows that the dismissal of Skaggs' first appeal was not an affirmance of the lower court's judgment as conditioned in the bond for its payment. In this condition of the record, we are constrained to conclude that the appellant was not entitled to recover the amount of this judgment debt appealed from and appellant's petition, in so far as it sought recovery, upon the supersedeas bond, of the amount of this judgment debt as affirmed by dismissal of the appeal, was properly dismissed, as the liability if any thereunder was still undetermined, by reason of the pending second appeal.

However, the dismissal of Skaggs' first appeal by this court on March 25, 1932, because of his failure to

file transcript in time, was such an affirmance of the judgment as entitled the bank to have damages awarded on the supersedeas bond, if the judgment had been superseded, and such was the order of this court, upon sustaining appellant's motion to dismiss the appeal and issuing its mandate directing that appellee only recover of the appellant 10 per cent. of the amount of the judgment for damages, as of the date when superseded. Carey-Reed Co. v. Hart, 238 Ky. 391, 38 S. W. (2d) 261; Illinois Surety Co. v. Hendrick, 170 Ky. 347, 185 S. W. 1125. Neither did the dismissal of this first appeal granted appellee in the circuit court bar appellee Skaggs from his right, as provided by the Code, to then secure a further or second appeal from the clerk of this court, as here he did on March 21, 1932. Civil Code of Practice, sec. 749; Edleson v. Edleson, 173 Ky. 252, 190 S. W. 1083; Hays v. Jenkins, 190 Ky. 518, 227 S. W. 797.

Appellant's further complaint is that the court erred in overruling its demurrer to appellees' amended answer, alleging that no order of supersedeas was issued by the clerk of the lower court upon the supersedeas bond therein executed by Skaggs and his sureties in prosecuting his appeal.

Section 764 of the Civil Code of Practice provides that:

"Upon the affirmance of, or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in chapter 2 of this title, 10 per cent. damages on the amount superseded shall be awarded against the appellant. * * *"

And again in Miller's Appellate Practice and Forms, sec. 124, p. 209, it is stated:

"Upon the affirmance or dismissal of an appeal from a judgment for the payment of money, the collection of which in whole or in part has been superseded, ten per cent. damages upon the amount superseded shall be awarded against the appellant. Judgment therefor may be had in the circuit court, on motion, upon or after, the filing of the mandate; it is not necessary to resort to an independent action."

Hodges v. Holeman, 5 Dana, 136; Cunningham v. Clay's Adm'r, 132 Ky. 129, 116 S. W. 299; Louisville & N. R.

Co. v. Melton, 146 Ky. 242, 142 S. W. 382; Tennessee Cent. R. Co. v. Reeves' Adm'r, 147 Ky. 305, 143 S. W. 995; Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2d) 893.

Subsection 3, sec. 124, p. 211, Miller's Appellate Practice and Forms, further states that:

"The supersedeas must issue. It need not be served, but it must be issued and placed in the papers. The mere execution of the bond is not sufficient. And, unless a supersedeas is issued, damages may not be awarded under section 764 of the Civil Code of Practice, although a supersedeas bond is executed. But, when the bond has been executed, unless it appears that no order of supersedeas was issued, it will be presumed that one was issued, and this presumption will not be overcome by the certificate of the clerk that he does not remember to have issued the order."

Hall v. Dineen, 120 Ky. 483, 87 S. W. 275, 27 Ky. Law Rep. 886; Asher v. Cornett, 108 S. W. 242, 32 Ky. Law Rep. 1173; page 844, Newman's Pleading & Practice.

Again this rule is stated that:

"The mere execution of a supersedeas bond does not obstruct execution of a judgment. There must be an appeal, and the supersedeas must in fact issue. Unless a supersedeas is issued, there is no stay of proceedings upon the judgment appealed from. * * * The issuing of the supersedeas after the execution of the bond operates to suspend all proceedings for the collection or enforcement of the judgment."

Section 682, p. 844, Newman's Pleading & Practice; Fidelity & Deposit Co. of Md. v. Helm, 217 Ky. 384, 289 S. W. 280; Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S. W. 125; Townsend v. Gorin, 144 Ky. 671, 139 S. W. 865; Johnson v. Williams, 82 Ky. 45.

Whether or not the appeal is properly prosecuted is a question for the Court of Appeals to determine, and, until it has passed on the question, the supersedeas stays proceedings on the judgment. Daugherty v. Ringo, 1 Ky. Law Rep. 272.

While it is here upon this appeal admitted that no supersedeas was ever issued by the clerk of the lower

court upon the appellee Skaggs' supersedeas bond executed before him, it does not appear that such fact was brought to the attention of this court when the motion was made by appellant bank to dismiss the appeal for failure to file transcript within the time required, nor does it appear that the granting of such motion was at all resisted, but the court assumed, as rightly it might, that an order of supersedeas had been issued by the clerk upon the supersedeas bond made him by Skaggs and his sureties.

While in the case of Hoskins et al. v. Southern Nat. Bank et al., 73 S. W. 786, 24 Ky. Law Rep. 2250, it was held the petition in an action on an appeal bond is defective if it fails to allege that a supersedeas was issued by the clerk following the execution of the bond, we later held that such issuance of a supersedeas would be presumed, where alleged in the petition, and there was no sufficient evidence offered to the contrary, even though its execution was denied by answer. This was so held in the case of U. S. Fidelity & Guaranty Co. v. Boyd, 94 S. W. 35, 38, 29 Ky. Law Rep. 598:

> "It is true that the mere execution of a supersedeas bond does not delay the collection of the judgment or prevent the issual of an execution. Upon this ground this court has refused to award damages on the affirmance of judgments that were attempted to be stayed by a bond when no order of supersedeas, as authorized by sections 749-752 of the Civil Code of Practice, was issued. Reed v. Lander, 5 Bush, 598; Jones v. Green, 12 Bush, 127. * * * The Code does not require any record to be kept of the issual of an order of supersedeas, and this court, in Whitehead v. Boorom, 7 Bush, 399, held that when the bond was in the record, and there was nothing to show that the order had not been issued, the court would presume its issual. In this case the bond appears in the record, the petition charged the issual of the order, and averred without denial that the judgment had been affirmed with damages, which would not have been done unless an order of supersedeas had issued. Therefore, under the rule adopted by this court, we must presume, in the absence of evidence to the contrary, that the clerk of the circuit court did his duty and that an order of supersedeas was issued."

88

This court ruled in Kelly v. Kelly, 183 Ky. 172, 209 S. W. 335, on rehearing, 183 Ky. 576, 209 S. W. 340:

"An appeal does not stay proceedings upon a judgment, unless a supersedeas is issued, and hence damages will not be awarded on the affirmance of a judgment, where a supersedeas bond has been executed, unless a supersedeas was also issued. Section 747, Civ. Code Prac.; Hoskins v. Southern National Bank, 73 S. W. 786, 24 Ky. Law Rep. 2250; O. & N. R. Co. v. Barclay, 102 Ky. 16, 43 S. W. 177, 19 Ky. Law Rep. 997; Reed v. Lander, 5 Bush, 598; Jones v. Green, 12 Bush, 127; Asher v. Cornett, 108 S. W. 242, 32 Ky. Law Rep. 1173."

However, the petition, herein filed upon the supersedeas bond, does not aver, as in the Boyd Case, supra, that an order of supersedeas was issued upon the bond, though it was therein denied by the defendant, as here, that their judgment appealed from was superseded, and therefore this court's mandate in awarding the appellant bank damages upon the supersedeas bond against its makers, or obligors therein, upon the dismissal of the appeal, was perhaps erroneous, inasmuch as it was neither pleaded by plaintiff nor did it affirmatively appear that the judgment had been superseded. However, as it was open to the appellee Skaggs to have avoided this error, if such, by properly presenting to the court, by timely objection made to the motion to dismiss with damages, the fact no order of supersedeas had in fact been issued upon the supersedeas bond executed upon the appeal granted in the lower court, and that therefore no award of damages under section 764 of the Civil Code of Practice was authorized, when sustaining the bank's motion for dismissal of the appeal, or he might, even later, have secured correction of this alleged error of the court upon his making proper motion therefor with presentation of this admitted fact that no supersedeas had been issued at any time, while the court remained in control of its order, awarding damages upon its dismissal of the appeal.

However, appellee Skaggs having failed to avail himself of the right he had to so correct this alleged error of the court, he cannot now, in this independent action against him, instituted upon this supersedeas bond, seeking recovery of the judgment debt and the awarded damages against the obligors in the bond,

plead in his own defense the clerk's failure to issue order of supersedeas, against the mandate of this court awarding damages upon the bond, which is now conclusive as to him, for to so allow him to plead such defense, as distinguished from the right of his sureties to so plead it, would be contrary to the well-established rule that the circuit court is without authority to set aside or refuse to give effect to a mandate of this court, as was declared in Farmers' Bank & Trust Co. v. Stanley, 190 Ky. 762, 228 S. W. 691, 694, as follows:

"It may be assumed that this court erred on the former appeal in awarding damages and directing their collection in its mandate; but, its judgment in that respect cannot be considered as void but at most, as only erroneous. Appellant could easily have corrected the judgment in this particular at any time within 30 days after the issual of the mandate and perhaps at any time during that term of court. It did not do so, and the trial court was directed to render a judgment for the 10% damages. It had no other alternative but to obey the mandate of this court, and its action in doing so is neither void nor erroneous."

Therefore we conclude that the appellant is yet authorized, under the mandate of the court, issued on March 25, 1932, to enforce collection of the 10 per cent. damages awarded on the supersedeas bond against the appellee, by proper motion therefor, even though we are of the opinion that the court rightly overruled demurrer to the amended answer, pleading failure to issue supersedeas as a defense against the recovery of damages against the sureties on the bond; also that he is so liable therefor, even though the like damages allowed by section 764 of the Code may be again awarded against him upon his supersedeas bond later executed upon his second appeal from this same judgment should it be affirmed. Hodges v. Holeman, 5 Dana, 136; Cunningham v. Clay's Adm'r, 132 Ky. 129, 116 S. W. 299; Louisville & N. R. Co. v. Melton, 146 Ky. 242, 142 S. W. 382; Tenn. Cent. R. Co. v. Reeves' Adm'r, 147 Ky. 305, 143 S. W. 995; U. S. Fidelity & Guaranty Co. v. Citizens' Nat. Bank, 147 Ky. 810, 145 S. W. 750; Miller's Appellate Practice, sec. 124.

For the reasons hereinabove indicated, the judgment of the lower court in dismissing appellant's peti-

90

tion, both in so far as the same sought to recover upon the supersedeas bond the judgment debt appealed from and the damages awarded thereon against the sureties, being in accord with our conclusion herein expressed, is affirmed.