## Preece et al. v. Burns' Administrator.

(Decided Nov. 7, 1935.)

C. F. SEE, Jr., for appellants.

WAUGH & HOWERTON and ELDRED E. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Phillip Preece and R. C. Burton were accommodation indorsers on a note for $5,000 executed to Mrs. Cora Burns by the Hope Construction Company. The note was also indorsed by three officers of the company. Mrs. Burns sued on the note, and Preece and Burton resisted payment, setting up several defenses. Default judgment was rendered against the company and the other three indorsers. Trial was had on the issues made by Preece and Burton, and judgment was rendered against them. They were granted an appeal, and on January 10, 1934, they executed a supersedeas bond before the clerk of the Lawrence circuit court, with J. L. Moore as their surety thereon. They failed to file the transcript in the office of the clerk of the Court of Appeals within the time required by section 738 of the Civil Code of Practice, and Cora Burns thereupon filed in this court a copy of the judgment, supersedeas bond, and notice, and moved the court to dismiss the appeal with damages. On April 11, 1934, this court sustained the motion, dismissed the appeal, and issued its mandate awarding Cora Burns 10 per cent. damages on the amount of the judgment superseded. On June 11, 1934, she filed the mandate in the Lawrence circuit court, and moved the court for judgment against Preece, Burton, and Moore for $525.60. Preece and Burton filed a response to the motion in which they stated they were merely accommodation indorsers on the note sued on,

and that the other defendants in the action had personal property and real estate located in Lawrence county, and there had been issued from the Lawrence circuit court an execution which had been levied on certain real and personal property of the other defendants, and they asked that the motion be passed until the property levied upon had been sold and the exact amount for which they were liable had been ascertained. They also stated that an appeal had been granted by the clerk of the Court of Appeals which was then pending. The court sustained Cora Burns' motion for 10 per cent. damages upon the amount of the judgment which had been superseded, and entered a judgment against Phillip Preece, R. C. Burton, and J. L. Moore for the sum of $525.60. Preece and Burton have appealed.

The appellee moved to dismiss the appeal, and that motion was passed to the merits. After this appeal was granted, the judgment in the original action was affirmed. Preece v. Burns' Adm'r, 258 Ky. 839, 81 S. W. (2d) 881. Without considering the merits of appellee's motion to dismiss the appeal, we think the trial court properly disregarded appellants' response to the motion for a judgment pursuant to the mandate, and that the judgment for damages for $525.60 should be affirmed.

After the judgment in the original action was recovered against appellants, they executed a supersedeas bond on which a supersedeas issued staying the collection of the judgment pending the appeal. This prevented the plaintiff in that action from collecting her judgment, and the right to damages accrued when the bond was executed and the supersedeas issued.

Section 764 of the Civil Code of Practice provides:

"Upon the affirmance of, or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in chapter 2 of this title, 10 per cent. damages on the amount superseded shall be awarded against the appellant."

This statute is mandatory, and when an appeal is dismissed or a judgment affirmed, where a judgment for the payment of money has been superseded, damages are awarded as a matter of right, and this is true although an appeal is dismissed and later another appeal

from the same judgment is prosecuted and a second supersedeas is issued. If the judgment is affirmed, the appellee is entitled to 10 per cent. damages in each instance. U. S. Fidelity & Guaranty Co. v. Citizens' National Bank, 147 Ky. 810, 145 S. W. 750; Big Sandy Commercial Bank v. Skaggs, 249 Ky. 81, 60 S. W. (2d) 90.

Appellee's right to 10 per cent. damages became fixed upon the issuance of the mandate, and this right could not be affected by the outcome of the subsequent appeal, or by the result of pending efforts to collect the judgment.

The judgment is affirmed.