**816**

**E. H. SOLTER, Appellant,**

v.

**SANDY VALLEY GROCERY COMPANY,**
**Inc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 6, 1961.

Creech & Cox, Ashland, for appellant.

Thomas Burchett, Ashland, Eldon S. Dummit and James Francis Miller, John M. Kelly, Lexington, for appellee.

MONTGOMERY, Judge.

E. H. Solter recovered judgment in the sum of $42,178.72 against Sandy Valley Grocery Company, Inc., and Hagan Ratcliff Grocery Company, Inc. An appeal by the grocery companies from this judgment was dismissed for failure to file the record within the time permitted by CR 73.08. The mandate of this Court on this order contained no provision for damages under KRS 21.130. Solter's right to recover such damages is presented by a motion in this Court to amend the mandate and by appeal from the order of the circuit court denying damages. Neither procedure is questioned. The records have been consolidated and are considered together for the purpose of this decision.

Appellant Solter contends that he is entitled to collect 10% damages since the original appeal was dismissed. Appellees contend that the appeal was never docketed in this Court because of the late filing of the record.

KRS 21.130 provides:

"Upon the affirmance of an appeal, or the dismissal of an appeal after it has been docketed in the Court of Appeals, where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the Rules of Civil Procedure, ten percent damages on the amount superseded shall be awarded against the appellant."

Upon adoption of the Kentucky Rules of Civil Procedure, Civil Code of Practice, Section 764, relating to damages upon affirmance, became KRS 21.130. The language of the statute was drawn so as to conform with the new Rules. The phrase "after it has been docketed in the Court of Appeals" was inserted. The meaning and effect of this phrase is involved here.

Appellees call attention to RCA 1.060(c), providing that an appealed case shall be entered in the docket book after compliance with RCA 1.070. The latter Rule provides in part:

"(a) To perfect an original appeal the appellant shall (1) cause the record on appeal to be filed, * * *."

Appellees argue that since the record was filed late the appeal was never perfected and was never docketed; hence, no damages are collectible. This argument ignores the facts. The supersedeas was issued September 12, 1958, after the execution of a supersedeas bond. The time for filing the appeal expired December 30, 1958. The record on appeal was filed January 2, 1959. All of the appropriate steps were taken in compliance with RCA 1.070. Therefore, it was proper to docket the appeal. RCA 1.060(c). This did not remedy the failure to file the appeal in proper time; hence, it was dismissed for late filing of the record. CR 73.08. The late filing of a record delays the successful party from collecting his debt just as much as does the prosecution of a timely but unsuccessful appeal.

Prior to adoption of the Kentucky Rules of Civil Procedure, July 1, 1953, the dismissal of an appeal for failure to file the record in time entitled the prevailing party to collect statutory damages. Hall v. Kennedy, 2 Ky., Sneed, 124; Tennessee Cent. R. Co. v. Reeves' Adm'r, 147 Ky. 305, 143 S.W. 995; United States Fidelity & Guaranty Co. v. Citizens National Bank, 147 Ky. 810, 145 S.W. 750; Wermeling v. Wermeling, 224 Ky. 107, 5 S.W.2d 893; Big Sandy Commercial Bank v. Skaggs, 249 Ky. 81, 60 S.W.2d 90; Preece v. Burns' Adm'r, 261 Ky. 202, 87 S.W.2d 375; Craig v. City of Lexington, 263 Ky. 798, 93 S.W.2d 852; Phillips v. Green, 288 Ky. 202, 155 S.W.2d 841.

The damages are in the nature of a penalty "for having delayed the litigation, and for having kept the successful litigant from sooner collecting his debt—a panacea, as it were, for the law's delay." Commonwealth v. French, 130 Ky. 744, 114 S.W. 255, 256, 17 Ann.Cas. 601; Phillips v. Green, above. No meritorious reason is shown why the appellees should not be penalized and required to pay the statutory damages occasioned by their abortive appeal. Appellant is entitled to collect such damages under KRS 21.130 for the delay occasioned in the collection of his debt.

Judgment reversed.