**Loyd Wilburn FORD, Movant,**

v.

**Norma Paris FORD, Respondent.**

Supreme Court of Kentucky.

Nov. 24, 1981.

John J. Chewning, Chewning, White & Underwood, Hopkinsville, David F. Broderick, Cole, Harned & Broderick, Bowling Green, for movant.

Milburn C. Keith and W. Douglas Myers, Keith, Myers & Hicks, Hopkinsville, for respondent.

OPINION OF THE COURT

This action to dissolve the 25-year marriage of Loyd Wilburn Ford and Norma Paris Ford commenced on February 28, 1975. The trial judge entered his initial findings of fact, conclusions of law, final decree of dissolution and judgment on May 20, 1977. Loyd appealed to the Court of Appeals where the case was remanded to the trial court for revaluation and redistribution of the marital estate. The trial court then entered new findings of fact and conclusions of law and a new judgment on January 3, 1979. Loyd then pursued an unsuccessful appeal to the Court of Appeals, which affirmed the second trial court judgment on February 8, 1980. This court denied Loyd's motion for discretionary review on October 28, 1980.

The following day, October 29, 1980, the Court of Appeals issued a mandate, the validity of which is now before this court, ordering Loyd to pay damages of ten percent (10%) on the amount of the superseded judgment. The Court of Appeals denied Loyd's motion to recall the mandate and finally denied his motion to reconsider on January 27, 1981. This court granted review on March 24, 1981.

Loyd presents three issues for review by this court. Our resolution of the issue of whether the supersedeas penalty provided by KRS 26A.300(2) applies to this case dispenses with the need to consider the other two. That statute provides:

"When collection of a judgment for the payment of money has been stayed as provided in the Rules of Civil Procedure pending any other appeal, damages of ten percent (10%) on the amount stayed shall be imposed against the appellant in the event the judgment is affirmed or the appeal is dismissed after having been docketed in an appellate court."

The resolution of this issue depends upon whether the trial court rendered "a judgment for the payment of money." Loyd argues that it did not, while Norma argues that it did. A careful review of the trial court's January 3, 1979, judgment must precede any consideration of applicable case law.

The trial court's judgment at no place makes mention of a precise sum of money. On the contrary, the court ordered that "The *marital property* shall be divided in the manner specified in the Conclusions of Law." (Emphasis added). In detailed conclusions of law the trial court defined what was marital property and proceeded to value it. The valuation of marital property, as required by statute, does not constitute a judgment for the payment of money and cannot be the basis from which to calculate the ten percent (10%) penalty. Indeed, only paragraphs seven, eight and nine of the conclusions of law in any manner deal with a possible dollar amount accruing to Norma. These items concern certain proceeds of livestock and crop sales and dividends, all in an undetermined amount. This situation differs markedly from other domestic relations remedies where the trial court orders lump-sum amounts to be paid. In *Kelley v. Kelley*, 183 Ky. 576, 209 S.W. 335 (1919), this court held the ten percent (10%) penalty applicable to such a judgment where "The amount, directed to be paid, as alimony, and which was superseded, was a sum fixed and certain."

Neither side has presented any cases from this or any other jurisdiction precisely on point. A review of Kentucky decisions dealing with the KRS 26A.300(2) penalty and its predecessors reveals that "it has been written in many cases that damages will only be awarded in cases where the judgment is for the payment of money and may be enforced by execution or similar process." *Butler v. Jackson,* 187 Ky. 555, 219 S.W. 1082 (1920). See also *Champion v. Bennett,* 203 Ky. 393, 262 S.W. 602 (1924). In other words, the judgment must be collectable by execution without further order of the court. Id.

Logic dictates that in order for the penalty to apply, there must be a judgment in an amount definite, certain, and readily ascertainable. Otherwise, there is no figure from which to calculate the ten percent (10%) penalty. Here, the trial court made no determination of the amount, if any, of the net proceeds of the crop and livestock sales and dividends payable to Norma as her portion of the marital property. Without such a figure, application of the ten percent (10%) penalty becomes impossible.

The decision of the Court of Appeals is hereby reversed and the action is remanded with directions that the mandate be recalled and a new mandate issued in keeping with this opinion.

All concur except CLAYTON, J., who did not sit.