**Rollin COOMER and Coomer Drilling Company, Appellants,**

v.

**Jack GRAY, Appellee.**

No. 87–SC–53–DG.

Supreme Court of Kentucky.

March 31, 1988.

Rehearing Denied June 9, 1988.

James D. Zornes, Hunter Durham, Durham, Durham & Zornes, Columbia, Louie B. Nunn, Lexington, for appellants.

Frank E. Haddad, Jr., Gary R. Hillerich, Foster V. Jones, Louisville, for appellee.

LAMBERT, Justice.

The issue in this case is whether the ten percent damage for delay provision of KRS 26A.300 applies upon the second appeal from a judgment which determines ownership of sums of money held by a Master Commissioner in an interest bearing account pursuant to an order of the court. On motion, following this Court's denial of discretionary review in *Gray v. Coomer Drilling Co., et al.,* 85–SC–476–D, the trial court imposed the damage. Reversing, the Court of Appeals held that the judgment appealed from was not

> a "judgment for the payment of money" as contemplated by the statute. Rather, it was merely an order of distribution of funds previously paid to the court's

clerk [1] by agreement of the parties. We granted discretionary review and now reverse the Court of Appeals.

This action arose out of a dispute between appellant Coomer and appellee Gray as to whether Gray was entitled to a one-half interest in certain producing oil leases. The action was commenced by Gray wherein he asserted his principal claim and additional claims based on fraud and breach of fiduciary duty. By answer, Coomer denied Gray's claims and asserted a counterclaim for tortious interference with contractual relations.

Promptly after the commencement of litigation, Coomer and the purchaser of the oil, then a party defendant, moved the court to require deposit of accruing proceeds of sale into an account under the control of the circuit court. Without objection from Gray, the court ordered such an account established in the hands of the Master Commissioner. The parties then agreed upon the manner in which the funds would be invested. Throughout trial and appellate court proceedings, sale proceeds and investment income accrued.

About sixteen months after suit was filed, the trial court entered a final judgment. The judgment awarded Gray $27,000 on one of his claims against Coomer, but dismissed the others including his claim for ownership of a one-half interest in the leases and his claim for the funds held by the Master Commissioner. Coomer's counterclaim against Gray was likewise dismissed. Finally, the judgment directed the Master Commissioner to disburse the funds by payment of costs, payment of Gray's $27,000 judgment against Coomer, and payment of "the balance ... to the defendants, Rollin Coomer and Coomer Drilling Company." When the judgment was entered, the funds held by the Master Commissioner amounted to about $700,000.

Gray timely appealed to the Court of Appeals. The judgments designated in his notice were the final judgment of January 7, 1984, and the amended final judgment of February 15, 1984.[2] After filing his notice of appeal, Gray tendered and the circuit court clerk approved a supersedeas bond. The bond form used was AOC–79–155, and Gray was designated appellant and Coomer was designated appellee. By the terms of the bond, Gray as principal and Ohio Casualty Insurance Co. as surety, became obligated "in the amount of $100,000 to satisfy the judgment together with interest, costs and damages for delay...." On its face, the bond is regular in all respects except one. The form used contains a blank line upon which the amount of the judgment appealed from is to be inserted. Gray erroneously inserted "$27,000," the judgment rendered in *his* favor.

In due course, the Court of Appeals affirmed and this Court denied Gray's motion for discretionary review. Coomer then moved the trial court to impose damages upon Gray pursuant to KRS 26A.300 and his motion was granted.

▇▇▇ Our analysis of the law applicable to this case must begin with KRS 26A.300(2), which states, in part, as follows:

> When collection of a judgment for the payment of money has been stayed ... pending any other appeal, damages of ten percent (10%) on the amount stayed shall be imposed against the appellant....

This statute is unambiguous. We must therefore construe the words according to their plain meaning and not presume exceptions or additions which do not appear in the statute. *Gateway Construction Co. v. Wallbaum*, Ky., 356 S.W.2d 247 (1962). Contrary to Gray's assertion, we do not find any statutory requirement that the judgment be personal against the appellant. The only requirement is that the judgment be for the payment of money, as opposed to a judgment granting equitable relief. There can be no doubt that the trial court's judgment met this qualification. It

---

1. The record reveals that the custodian of the funds was the Master Commissioner of the Adair Circuit Court.

2. The amended final judgment did not modify the judgment in any manner relevant to the issues before this court.

adjudged Coomer to be the owner of the leases and directed the Master Commissioner to pay him the balance of the funds generated from the oil produced.

Both parties rely on *Ford v. Ford*, Ky., 623 S.W.2d 903 (1981), wherein this Court held that the valuation and division of marital property required by statute in a divorce proceeding did not constitute a judgment for the payment of money within the contemplation of KRS 26A.300(2). Citing *Kelly v. Kelly*, 183 Ky. 576, 209 S.W. 335 (1919), we distinguished the valuation and division proceeding from those domestic relations proceedings which result in orders for payment of lump sums. In *Ford*, we noted that as to a portion of the property in question, there was no finding as to value, and as to the property to which a value was assigned, that such determination did not constitute a judgment for the payment of money. We held that for the

> penalty to apply, there must be a judgment in an amount definite, certain, and readily ascertainable. Otherwise, there is no figure from which to calculate the ten percent (10%) penalty. *Ford, supra,* at 904.

In the case at bar, determination of the exact amount of the judgment required only a simple mathematical computation. It fully satisfies the requirements established in *Ford*.

▇ In addition, the statute requires that the judgment be "stayed." Appellant contends that this requirement was not met because "[t]he only judgment superseded was the $27,000.00 judgment in favor of the Appellee Gray." We disagree. Both the notice of appeal and the supersedeas bond identified the judgments appealed from by their dates of entry. The parties were properly aligned and the supersedeas bond secured payment of appropriate items of damage in the amount of $100,000. By error in drafting, however, the wrong judgment amount was placed on the bond form, creating an inconsistency with the judgments described by their dates. This inconsistency is not of such significance as to invalidate an otherwise proper instrument. Gray's undertaking to stay enforcement of

the judgment is unmistakable. Moreover, the error is directly chargeable to Gray as the supersedeas bond was his instrument. If it contained an ambiguity, under our rules of construction, it must be construed against Gray. *Fidelity & Deposit Co. of Maryland v. Lyon*, 276 Ky. 411, 124 S.W. 2d 74, 77 (1938).

CR 62.03 grants an appellant the right to stay enforcement of a judgment by giving a supersedeas bond and upon approval of the bond by the court or the clerk, the stay becomes effective. Gray complied and the judgment was stayed. See also CR 73.04.

▇ In his brief and during oral argument, Gray placed considerable reliance on *Hall v. Dineen*, 120 Ky. 483, 87 S.W. 275 (1905). In substance, this case holds that damages for delay should not be awarded when the litigation is over a fund in court; that the judgment must be such as would be enforceable by execution.

In 1975 (effective January 1, 1976), the people of Kentucky adopted a number of amendments to our Constitution which are collectively known as the Judicial Article. Section 115 of our Constitution now allows one appeal as a matter of right in all cases. Subsequent to the effective date of Section 115, and on June 19, 1976, KRS 26A.300 became effective. Under former law, Civil Code of Practice, Sec. 764, a provision which differs substantially from KRS 26A.300, damages for delay were recoverable in all cases upon affirmance or dismissal of any appeal from a superseded judgment for the payment of money. *Preece v. Burns' Adm'r.*, 261 Ky. 202, 87 S.W.2d 375 (1935). Under present law, there is no such provision applicable to the first appeal.

The imposition of ten percent damages for delay upon the first appeal was a harsh rule of law and courts construed it narrowly. Under present law, with the entitlement of all parties to "one free appeal," we see no need to make a strained construction of the statute to avoid the penalty. Likewise, we see no need to imply a requirement that the judgment be enforceable only by execution. The statute does not require it and there is no practical difference between a judgment creditor who

seeks enforcement by execution and a judgment creditor who seeks enforcement by motion to the court for an order directing payment from court-controlled funds. In either event, the judgment creditor is entitled to enforcement, unless the judgment is superseded. Moreover, if the rule in *Hall* were logically extended, any judgment debtor would be able to avoid the penalty required by KRS 26A.300 by simply paying the amount of the judgment into court to be kept safely, and without penalty, while he pursued his appellate remedies. Such a result would frustrate the purpose of the statute.

For the reasons stated, we hereby overrule *Hall v. Dineen, supra.*

We decline to address the alternative grounds relied upon by appellee in support of the decision of the Court of Appeals. Appellee did not file a cross-motion for discretionary review and we limit our review to those issues designated by appellant. CR 76.21.

Upon a thorough review of this case, we can find no statutory or equitable reason to avoid application of KRS 26A.300. From the outset of the litigation, Coomer and Gray each claimed ownership of real property leases and their proceeds. The trial court determined that Coomer was the owner and its judgment was affirmed by the Court of Appeals. Gray took the additional step of seeking review by this Court and his motion was denied. His action therefore delayed Coomer's access to sums of money to which he had been adjudged entitled. Gray's motion for discretionary review was at his peril.

The legislative policy underlying enactment of statutes imposing damages for delay is well-stated in *Phillips v. Green*, 288 Ky. 202, 155 S.W.2d 841, 843 (1941), as follows:

What is denominated "damages" on a supersedeas bond is not strictly so, for it is at the same time a penalty. "It is a penalty or tax imposed by legislative enactment upon the unsuccessful litigant for having delayed the litigation, and for having kept the successful litigant from sooner collecting his debt—a panacea, as

it were, for the law's delay. It is not laid upon the litigant because of any wrong done, or duty violated, but for the sole purpose of preventing useless and frequently vexatious delays in the termination of litigation. Some means had to be adopted that would tend to put an end to useless appeals, which would more frequently than otherwise be brought for the purpose of delay and annoyance. To meet this necessity, the Legislature passed the act imposing upon the unsuccessful appellant from a judgment for the payment of money a penalty in the shape of damages, equal to 10 per cent. of the judgment appealed from." *Commonwealth v. French*, 130 Ky. 744, 114 S.W. 255, 256, 17 Ann.Cas., 601.

For the foregoing reasons, the decision of the Court of Appeals is reversed and the judgment of the trial court reinstated.

LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion in which GANT and STEPHENSON, JJ., join.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent. I would affirm the decision of the Court of Appeals and hold that the ten percent penalty provisions of KRS 26A.300 do not apply.

Gray brought an action against Coomer, which he won. He was awarded a judgment for the payment of $27,000. Gray's other claims were dismissed. He appealed: the Court of Appeals affirmed the judgment of the Adair Circuit Court, and the Kentucky Supreme Court denied discretionary review. Coomer then filed his motion under KRS 26A.300 to penalize Gray in the amount of ten percent of the money paid into court.

Coomer won no suit. No judgment was decided in his favor. The money upon which Coomer sought a penalty, was paid into court at the agreement of both parties. Out of these funds, entrusted to the court, the payment for Gray's judgment·was to be made. The fund contained far more money than was necessary to satisfy the judg-

ment, so the court ordered the remaining money returned to Coomer. There was no judgment for the payment of money in favor of Coomer.

KRS 26A.300(2) provides:

(2) When collection of a judgment for the payment of money has been stayed as provided in the Rules on Civil Procedure pending any other appeal, damages of ten percent (10%) on the amount stayed shall be imposed against the appellant in the event the judgment is affirmed or the appeal is dismissed after having been docketed in an appellate court.

Thus, it applies only when "collection of a *judgment for the payment of money* has been stayed". When there has been no judgment for the payment of money, the statute simply does not apply. As we held in *Ford v. Ford*, Ky., 623 S.W.2d 903, 904 (1981):

A review of Kentucky decisions dealing with the KRS 26A.300(2) penalty and its predecessors reveals that "it has been written in many cases that damages will only be awarded in cases where the judgment is for the payment of money and may be enforced by execution or similar process."

Moreover, in *Hall v. Dineen*, 120 Ky. 483, 87 S.W. 275, 276 (1905) we held:

[D]amages on the affirmance of a judgment superceded should not be given where the contest was over a fund in court, but that the judgment must be one that might be enforced by execution.

The majority contends that *Hall* is no longer good law, as it turned on a construction of Civ.Code Prac. § 764, the predecessor of KRS 26A.300. Although § 764 was more harsh than the present law, imposing a penalty on the first appeal, the principle still applies. *Hall* is directly on point. The reasoning is the same no matter which statute is construed.

Finally, it is argued by the majority that there are no policy differences which would require a judgment for money paid from a fund in court to be treated any differently than an execution on the losing party. I disagree. Simply put, the difference depends upon who has possession and control of the funds. In the hands of a party, they are at the disposal of that party: to invest, to spend, to loan. In the hands of the court, they are the lawful property of no one. Neither party obtains an unfair advantage over the other through the means of endless appeals which KRS 26A.300 sought to avoid.

Therefore, for these reasons, I would affirm the decision of the Court of Appeals, and must accordingly dissent.

GANT, J., and STEPHENSON, J., join in this dissenting opinion.